MICHAEL N. FEUER, City Attorney (SBN 111529x)
JAMES P. CLARK, Chief Deputy City Attorney (SBN 64780)
james.p.clark@lacity.org
GABRIEL S. DERMER, Supervising City Attorney (SBN 229424)
gabriel.dermer@lacity.org
BENJAMIN CHAPMAN, Deputy City Attorney (SBN 234436)
benjamin.chapman@lacity.org
200 North Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Telephone Number:  213.978.7556
Facsimile Number: 213.978.8214

Attorneys for Defendants,
CITY OF LOS ANGELES, ERIC GARCETTI, and HOLLY WOLCOTT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA; JOHN DOE, <br><br> Plaintiffs, <br> vs. <br><br> CITY OF LOS ANGELES; ERIC GARCETTI, in his official capacity as Mayor of the City of Los Angeles; HOLLY L. WOLCOTT, in her official capacity as City Clerk of the City of Los Angeles, and DOES 1-10, <br><br> Defendants. | Case No.: 19-cv-03212-SVW-GJS <br><br> **DEFENDANTS CITY OF LOS ANGELES, ERIC GARCETTI, AND HOLLY WOLCOTT'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT** <br><br> Date:     July 22, 2019 <br> Time:     1:30 p.m. <br> Ctrm:    10A-First Street Courthouse <br> Judge:   Hon. Stephen V. Wilson <br><br> Action Filed: 04/24/2019 |

# TABLE OF CONTENTS

I.   INTRODUCTION ......................................................1

II.  ARGUMENT...........................................................2

     A.   Plaintiffs Assert Facial First Amendment Challenges to the Ordinance. ......2

     B.   The Ordinance Does Not Require the Disclosure of Constitutionally Protected Speech; But Even if it Does, Plaintiffs' Facial First Amendment Claims Fail Because Contracting and Business Discounts Are Not Integral To, or Commonly Associated With, Expression...........................................4

     C.   Plaintiffs' First Amendment Claims Also Fail Because the Ordinance Does Not Implicate Speech Protected by the First Amendment……………..............9

     D.   Plaintiffs' Fifth Cause Of Action For Violation Of The Equal Protection Clause Of the Fourteenth Amendment Is Entirely Duplicative Of Plaintiffs' First Amendment Claims……………………………..…………...........11

III. CONCLUSION ......................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agency for Int'l Dev. v. Alliance for Open Society Int'l, Inc.*,
570 U.S. 205 (2013)..................................................................................10

*Arcara v. Cloud Books, Inc.*,
478 U.S. 697 (1986).....................................................................................8

*Ariz. Students' Ass'n v. Ariz. Bd. of Regents*,
824 F.3d 858 (9th Cir. 2016) ....................................................................11

*Baird v. State Bar of Ariz.*,
401 U.S. 1 (1971)..........................................................................................9

*Ctr. for Individual Freedom v. Madigan*,
697 F.3d 464 (7th Cir. 2012) ......................................................................2

*Doe v. Reed*,
561 U.S. 186 (2010)............................................................................2, 13, 14

*Desert Outdoor Advert., Inc. v. City of Oakland*,
506 F.3d 798 (9th Cir. 2007) ...................................................................3, 7

*Dyer v. Md. State Bd. of Educ.*,
187 F. Supp. 3d 599(D. Md. 2016)............................................................12

*Feldman v. Reagan*,
843 F.3d 366 (9th Cir. 2016) ......................................................................2

*Forsyth County v. Nationalist Movement*,
505 U.S. 123 (1992).....................................................................................6

*Frisby v. Schultz*,
487 U.S. 474 (1988).....................................................................................7

*Gibson v. Fla. Legislative Investigation Comm.*,
372 U.S. 539 (1963).....................................................................................9

*Hopkins v. Women's Div., Gen. Bd. of Global Ministries*,
238 F. Supp. 2d 174 (D.D.C. 2002)......................................................1, 12

*Jantzen v. Hawkins*,
188 F.3d 1247 (10th Cir. 1999) ................................................................10

*Knox v. Brnovich*,
907 F.3d 1167 (9th Cir. 2018) ....................................................................2

ii

*Martin v. Town & Country Dev., Inc.*,
  230 Cal.App.2d 422 (1964) ...................................................................................5

*Members of the City Council of Los Angeles v. Taxpayers for Vincent*,
  466 U.S. 789 (1984).............................................................................................6

*NLRB v. Jones & Laughlin Steel Corp.*,
  301 U.S. 1 (1937).................................................................................................7

*O'Brien v. Welty*,
  818 F.3d 920 (9th Cir. 2016) .............................................................................12

*O'Hare Truck Serv. v. City of Northlake*,
  518 U.S. 712 (1996)...........................................................................................10

*Orin v. Barclay*,
  272 F.3d 1207 (9th Cir. 2001) ...........................................................................12

*Police Dept. of Chicago v. Mosley*,
  408 U.S. 92 (1972).............................................................................................11

*Pickup v. Brown*,
  No. 2:12-cv-02497-KJM-EFB, 2016 U.S. Dist. LEXIS 105156 (E.D. Cal. Aug. 8,
  2016) ....................................................................................................................3

*R.A.V. v. City of St. Paul*,
  505 U.S. 377 (1992)...........................................................................................11

*Resnick v. Hyundai Motor Am., Inc.*, CV 16-00593-BRO (PJWg),
  2017 U.S. Dist. LEXIS 67525 (C.D. Cal. Apr. 13, 2017).........................1, 12

*Roulette v. City of Seattle*,
  97 F.3d 300 (9th Cir. 1996) ........................................................................*passim*

*Shelton v. Tucker*,
  364 U.S. 479 (1960)..............................................................................................9

*U.S. v. One Palmetto State Armory Pa-15 Machinegun*,
  115 F. Supp. 3d 544 (E.D. Pa. 2015)...................................................................4

*Venice Justice Comm. v. City of Los Angeles*,
  205 F. Supp. 3d 1116 (C.D. Cal. 2016) ...............................................................4

*Vill. Of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*,
  455 U.S. 489 (1982)..............................................................................................7

*Ward v. Rock Against Racism*,
  491 U.S. 781 (1989)..............................................................................................6

*Women's Med. Prof'l Corp. v. Voinovich*,
  130 F.3d 187 (6th Cir. 1997) ...........................................................................................3

iv

Defendants City of Los Angeles (the "City"), Los Angeles Mayor Eric Garcetti, and Los Angeles City Clerk Holly Wolcott[1] file this Reply in support of their motion to dismiss ("Motion") Plaintiffs National Rifle Association (the "NRA") and John Doe's Complaint.

## I. INTRODUCTION

Plaintiffs' Opposition fails to address most of the arguments set forth in the City's Motion; the remaining arguments are addressed cursorily. Of the forty-three cases cited in the Motion, only two are addressed, and they are addressed in passing. And remarkably, despite asking the court for "permanent injunctive relief prohibiting Defendants … from enforcing or publishing [the] Ordinance" (<u>Prayer for Relief</u> ¶ 6), Plaintiffs now concede the Ordinance is valid as to the disclosure of contracts with the NRA and business discounts offered to the NRA and its members, so long as they disclose only "commercial activity." (Opp. at 11:27-12:5.)[2]

Instead, the gravamen of Plaintiffs' Opposition is that the Ordinance addresses, in part, constitutionally protected speech because the terms "contract" and "sponsorship" in the Ordinance *might* include membership in the NRA, and *might* apply to political contributions to the NRA, respectively. (Opp. at 7-9.) As explained herein, Plaintiffs' contrived reading of the Ordinance is incorrect. Moreover, even assuming arguendo

---

[1] As explained in the Motion, Mayor Garcetti and City Clerk Wolcott should be dismissed as defendants because they have been named solely in their official capacities. (Mot. at 20:24-21:11.) Plaintiffs' Opposition does not address this issue; thus Plaintiffs have conceded the argument. *See, e.g.*, *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("[W]hen a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."); *Resnick v. Hyundai Motor Am., Inc*., CV 16-00593-BRO (PJWg), 2017 U.S. Dist. LEXIS 67525, at *67 (C.D. Cal. Apr. 13, 2017) ("Failure to oppose an argument raised in a motion to dismiss constitutes waiver of that argument.").

[2] The three disclosures identified in Plaintiffs' preliminary injunction motion all fall into this category. (Dkt. No. 19-5 at p.36) A subsequent fourth disclosure, that one of the world's largest commercial real estate firms has been involved in six lease transactions for office space with the NRA, similarly falls into this category.

Plaintiffs' interpretation is correct, the Motion must still be granted because the Ordinance addresses conduct—contracting and providing business discounts—that is not "integral to, or commonly associated with, expression." *Roulette v. City of Seattle*, 97 F.3d 300, 304 (9th Cir. 1996).

For the reasons stated in the Motion, the Complaint should be dismissed with prejudice.

## II.   ARGUMENT

### A.   Plaintiffs Assert Facial First Amendment Challenges to the Ordinance.

As explained in the Motion, Plaintiffs assert a facial challenge to the Ordinance because the relief Plaintiffs seek—declarations that the Ordinance violates the First Amendment, and "injunctive relief prohibiting Defendants … from enforcing or publishing [the] Ordinance" (Prayer for Relief ¶¶ 1-6)—reaches beyond Plaintiffs and would invalidate the law as to everyone.  (Mot. at 5-6 (citing *Doe v. Reed*, 561 U.S. 186, 194 (2010).)  *Reed* is directly on point, and it is routinely relied upon by the Ninth Circuit Court of Appeals.  *See*, *e.g.*, *Knox v. Brnovich*, 907 F.3d 1167, 1180 n.10 (9th Cir. 2018) ("Because Knox seeks a declaration that [the law] is unconstitutional in its entirety and an injunction preventing enforcement of the statute for any purpose, we construe her claims as making a facial challenge … even though some of her arguments are specific to her own circumstances." (quotation marks omitted) (citing *Reed*, 561 U.S. at 194)); *Feldman v. Reagan*, 843 F.3d 366, 385 n.20 (9th Cir. 2016) (same).

Plaintiffs do not address *Reed*.  Instead, they argue that as-applied challenges *can* be coupled with facial challenges.  (Opp. at 5:20-23.)  Maybe so.  But the issue is whether the Complaint does that **here**.  It does not.  *See*, *e.g.*, *Ctr. for Individual Freedom v. Madigan*, 697 F.3d 464, 475 (7th Cir. 2012) ("It is true that facial challenges and as-applied challenges can overlap conceptually….  But there is a difference:  Where the 'claim and the relief that would follow … reach beyond the particular circumstances of the plaintiffs,' 'they must … satisfy the standards for a facial challenge to the extent of that reach.'" (citations omitted) (quoting *Reed*, 561 U.S. at 194)).

Plaintiffs argue they have "made clear in their complaint that they challenge the Ordinance's impact as applied to specific contractors, including Plaintiff Doe." (Opp. at 5:24-26 (citing numerous paragraphs in the Complaint).) Not so. By way of example, paragraph 60 alleges that "[b]y requiring Plaintiffs to disclose any sponsorship of or contract with Plaintiff NRA as a precondition for being awarded a City contract ..., the Ordinance violates Plaintiffs' right to association under the First Amendment." (Compl. ¶ 60.) But to properly plead an "as-applied" challenge, it is not enough to simply allege that an unconstitutional law is being "applied" to the plaintiff. *See, e.g.*, *Desert Outdoor Advert., Inc. v. City of Oakland*, 506 F.3d 798, 805 (9th Cir. 2007) ("[The plaintiff] purports to raise an as-applied challenge to [the ordinance], but it misunderstands the nature of such challenges. As-applied challenges are not based solely on the application of an alleged unconstitutional law to a particular litigant."). Rather, an as-applied challenge is a claim that a law is being applied to the plaintiff in a different manner ***than it is being applied to others***. *See, e.g.*, *id.* ("An as-applied challenge goes to the nature of the application rather than the nature of the law itself."); *Pickup v. Brown*, No. 2:12-cv-02497-KJM-EFB, 2016 U.S. Dist. LEXIS 105156, at *12 (E.D. Cal. Aug. 8, 2016) (dismissing with prejudice as-applied challenge to state law where "plaintiffs have not pointed to any action by defendants and alleged that defendants applied [the state law] differently to plaintiffs than to others").

Here, Plaintiffs allege that the Ordinance is applied to Plaintiff Doe in the *same* way it is applied to any other NRA member, contractor, or sponsor. (*E.g.*, Compl. ¶ 60.) Or stated differently, Plaintiff Doe does not allege that the City applies the Ordinance differently to him than it does to other NRA members. Thus, Plaintiffs do not plead an as-applied challenge to the Ordinance.

Moreover, some of the paragraphs cited by Plaintiffs (Opp. at 5:26) are incompatible with an-applied challenge. For example, paragraph 56 alleges: "Plaintiffs and others similarly situated are currently being harmed by the City's unconstitutional conduct." (Compl. ¶ 56.) But as-applied challenges have nothing to do with "others

similarly situated." *See*, *e.g.*, *Women's Med. Prof'l Corp. v. Voinovich*, 130 F.3d 187, 193 (6th Cir. 1997) ("[T]he constitutional inquiry in an as-applied challenge is limited to the plaintiff's particular situation."); *U.S. v. One Palmetto State Armory Pa-15 Machinegun*, 115 F. Supp. 3d 544, 557 (E.D. Pa. 2015) ("A plaintiff asserting a facial challenge seeks to vindicate not only his rights, but those of others who may also be adversely impacted by the statute in question…. By contrast, … an as-applied attack does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right." (citations omitted) (quotation marks omitted)).

Furthermore, Plaintiff Doe does not assert an as-applied challenge to the Ordinance because the Ordinance does not even apply to him! Plaintiff Doe alleges that he "operates *a business* with multiple contracts with the City," and that *he* (not his business) is a member of the NRA. (Compl. ¶ 6 (emphasis added).) Under the plain language of the Ordinance, Plaintiff Doe's *business* is the entity that is required to file a disclosure statement, not Doe. And the Ordinance does not require a business to disclose whether its owner or any of its employees are NRA members. So Plaintiff Doe's NRA membership remains undisclosed.

Finally, Plaintiffs request leave to amend their Complaint to assert an as-applied challenge. (Opp. at 6:7-10.) However, to do so, Plaintiffs must concede that the Ordinance is valid as to certain potential contractors who have contracts with the NRA or provide the NRA or its members business discounts. *See*, *e.g.*, *Venice Justice Comm. v. City of Los Angeles*, 205 F. Supp. 3d 1116 1122 (C.D. Cal. 2016) ("[A]n as-applied challenge requires an allegation that a law is unconstitutional as applied to a particular plaintiff's speech activity, even though it may be valid as applied to other parties.").

**B.  The Ordinance Does Not Require the Disclosure of Constitutionally Protected Speech; But Even if it Does, Plaintiffs' Facial First Amendment Claims Fail Because Contracting and Business Discounts Are Not Integral To, or Commonly Associated With, Expression.**

Plaintiffs do not dispute the accuracy of the law the City relies on in the Motion.

1   Nor do they argue that the Ordinance is invalid in all circumstances; rather, Plaintiffs
2   concede that the Ordinance is valid as to the disclosure of contracts with the NRA and
3   business discounts offered to the NRA and its members, so long as they constitute
4   "commercial activity." (Opp. at 11:27-12:5 ("The City argues … there is no associational
5   right to contract or offer discounts.…   While it is true that such relationships do not
6   *necessarily* enjoy First Amendment protections, that does not mean they never can.…
7   Every one of the cases the City relies on is thus inapposite because they involve purely
8   commercial activity." (citation omitted)).)[3]   Instead, the gravamen of Plaintiffs'
9   Opposition is that the Ordinance addresses, in part, constitutionally protected speech
10  because the term "contract" and "sponsorship" in the Ordinance might include
11  membership in the NRA, and political contributions to the NRA, respectively.  (Opp. at
12  7-9.)  Plaintiffs' argument fails for two reasons.
13      ***First***, this is a contrived reading of the Ordinance.  For example, Plaintiffs claim
14  that an NRA membership is a contract because "a paid membership into an organization
15  that provides services in return for the payment meets the criteria for a contract."  (Opp.
16  at 7:26-28 (citing *Martin v. Town & Country Dev., Inc*., 230 Cal.App.2d 422 (1964)).)
17  Yet, Plaintiffs do not attach an NRA membership agreement or any other document that
18  shows that an NRA membership is contractual.  And Plaintiffs' only legal support for this
19  argument, *Martin*, does not stand for this proposition.  In *Martin*, a company that owned
20  a country club sold stock in the company; to stimulate stock sales, the company offered
21  stock purchasers a dues-free lifetime club membership.  230 Cal.App.2d at 424.  When
22  the club closed, certain stock purchasers sued for breach of contract, claiming they had
23  accepted the company's offer of a lifetime club membership and the stock in the company
24  in exchange for $2,500.  *Id*. at 426.  The Court of Appeal agreed, holding that the lifetime
25  club membership was part of the ***consideration*** for the stock purchase.  *Id*. at 428.  The
26  Court of Appeal did not hold that a paid membership into an organization that provides
27
28
    ───────────────
    [3] *See* footnote 2.

services meets the criteria for a contract.  And even if it had, a lifetime country club membership is far different than a membership in the NRA.

Plaintiffs' claim that "[t]he ordinance's definition of 'sponsorship' includes political contributors" (Opp. at 1:17-18) is similarly unavailing.  The term "Sponsorships" is defined as "an agreement [with] the NRA to provide a discount to the NRA or an NRA member of the customary costs, fees or service charges for goods or services provided by the Person to the NRA or an NRA member."  (Compl. Exh. 3.)  On its face, this definition clearly does not encompass political contributions.[4]

Nevertheless, the City, as it did in the Motion (*id*. at 10 n.9), explicitly states that the Ordinance does ***not*** require the disclosure of whether a potential contractor is a member of the NRA or makes political contributions to the NRA.  It is well-established that when evaluating a facial challenge to an ordinance, the municipality's own "interpretation" of it is "authoritative."  *Forsyth County v. Nationalist Movement*, 505 U.S. 123, 131 (1992) (holding that in "evaluating [a] facial challenge, [a court] must consider the [municipality]'s authoritative constructions of the ordinance, including its own implementation and interpretation of it").  Indeed, the Supreme Court has repeatedly accepted the construction of a statute proffered by a municipality.  *See*, *e.g*., *Ward v. Rock Against Racism*, 491 U.S. 781, 795-96 (1989) ("[T]he city has interpreted the guideline in such a manner as to provide additional guidance to the officials charged with its enforcement….  Administrative interpretation and implementation of a regulation are, of course, highly relevant to our analysis, for 'in evaluating a facial challenge to a state law, a federal court must … consider any limiting construction that a state court or enforcement

---

[4] Plaintiffs jump through hoops to come up with examples of political contributions that might meet the Ordinance's definition of "sponsorship."  (*See*, *e.g*., Opp. at 8:15-17 ("One could … ***imagine*** a person giving NRA a discount on a product or service for the non-commercial purpose of saving NRA money to use for its advocacy." (emphasis added)).)  But the Supreme Court has rejected using "imagination" to invalidate laws:  "[T]he mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge."  *Members of the City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 800 (1984).

agency has proffered.'" (quoting *Vill. Of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494 n.5 (1982))); *Frisby v. Schultz*, 487 U.S. 474, 483 (1988) (reversing Court of Appeal order that "ran afoul of the well-established principle that statutes will be interpreted to avoid constitutional difficulties…. We instead construe the ordinance more narrowly. This narrow reading is supported by the representations of counsel for the town at oral argument, which indicate the town takes, and will enforce, a limited view of the 'picketing' proscribed by the ordinance." (citations omitted)).

And it is also well-established that it is the court's role to construe ordinances narrowly so as to preserve them. *See*, *e.g.*, *NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 30 (1937) ("The cardinal principle of statutory construction is to save and not to destroy. We have repeatedly held that as between two possible interpretations of a statute, by one of which it would be unconstitutional and by the other valid, our plain duty is to adopt that which will save the act."); *see also Desert Outdoor*, 506 F.3d at 803 ("To begin with, we note, as did the district court, that we are obligated to interpret a statute, if it is fairly possible, in a manner that renders it constitutionally valid.").

Finally, Plaintiffs' contrived reading of the Ordinance is a red-herring; it is doubtful that any **business** (as opposed to an individual who may own a business) that can realistically claim that it wishes to bid for a City contract is a member of the NRA or contributes to the NRA. Plaintiffs, aside from conclusory allegations (*e.g.*, Compl. ¶ 4), have not pled any such facts, and as explained earlier, supra Section II-A, Plaintiff Doe does not count because the Complaint does not allege that his **business** is an NRA member. If Plaintiffs can find "a person [who] "g[ave] NRA a discount on a product or service for the non-commercial purpose of saving NRA money to use for its advocacy" (Opp. at 8:15-17), who also intends to bid for a City contract (not his company, but him personally), then let him bring an as-applied challenge. Plaintiffs' facial challenge fails.

**Second**, even assuming arguendo the terms "contract" and "sponsorship" in the Ordinance might encompass membership in, and contributorship to, the NRA, the Motion must still be granted because it is well established that where an ordinance merely

addresses conduct—like contracting and discounting—"a facial freedom of speech attack must fail unless, at a minimum, the challenged statute is directed narrowly and specifically at expression or conduct commonly associated with expression." (Mot. at 8-9 (quoting *Roulette*, 97 F.3d at 305 (quotation marks omitted)). Plaintiffs fail to distinguish *Roulette* (or any of the other cases cited in the Motion) or argue that its holding does not apply here.

Instead, Plaintiffs "imagine" different types of contracts with, and sponsorships of, the NRA that "could" constitute expression. (Opp. at 7:23-8:19.) Yet, this is exactly the type of speculation rejected by the *Roulette* court:

> Plaintiffs observe that posture can sometimes communicate a message…. Sitting on the sidewalk might also be expressive…. The fact that sitting can possibly be expressive, however, isn't enough to sustain plaintiffs' facial challenge to the Seattle ordinance…. By its terms, [the ordinance] prohibits only sitting or lying on the sidewalk, neither of which is integral to, or commonly associated with expression.

97 F.3d at 303-04 (citations omitted). Contracting and business discounts are simply not integral to, or commonly associated with, expression, as demonstrated by the disclosures made to date. (Dkt. No. 19-5 at p.36.) Plaintiffs do not argue otherwise.

Rather than distinguish or even address *Roulette*, Plaintiffs instead argue that the First Amendment can apply to "laws 'directed at activity with no expressive component,' if they 'impose a disproportionate burden upon those engaged in protected First Amendment activities.'" (Opp. at 8:21-23 (quoting *Arcara v. Cloud Books, Inc*., 478 U.S. 697, 704 (1986)).) *Arcara* actually proves the City's point. There, the New York Court of Appeals barred enforcement of a statute authorizing the closure of a premises found to be used as a place for prostitution because the premises were also used as an adult bookstore, holding that even though the statute regulated non-speech activity, it violated the First Amendment since the closure of the bookstore would "impact … [the bookstore]'s protected bookselling activities." *Arcara*, 478 U.S. at 698-702. The Supreme Court reversed, rejecting this argument and holding that courts must look at the underlying activity itself; thus, because the "sexual activity carried on in this case

manifests absolutely no element of protected expression," the statute did not violate the First Amendment since it was directed at "nonexpressive activity." *Id*. at 705, 707.

This is precisely our case; the underlying activity—contracting and providing business discounts—is simply not protected expression. Like the Supreme Court in *Arcara*, which refused to characterize sexual activity as protected expression merely because it took place in a bookstore, the court should reject the argument that contracting and discounting is protected expression simply because it is done with the NRA.

## C.   Plaintiffs' First Amendment Claims Also Fail Because the Ordinance Does Not Implicate Speech Protected by the First Amendment.

***Freedom of association (first cause of action):*** As explained in the Motion, Plaintiffs' freedom of association fails as a matter of law because it is well-established that the right to contract and the right to provide business discounts are not "expressive activity" protected by the First Amendment. (Mot. at 10-12.) In response, Plaintiffs argue that membership in, and contributions to, the NRA are contracts. (Opp. at 11:27-12:4.) Since, as discussed, the Ordinance does not require the disclosure of NRA membership or contributorship, Plaintiffs' entire argument regarding membership disclosure, with one exception, is irrelevant. (Opp. at 11-14.)[5]

Plaintiffs, however, make one critical concession—that the disclosure of a contract or business discount unrelated to membership in, or contributions to, the NRA is not protected by the First Amendment. (Opp. at 11:27-12:5.) Since the Ordinance does not seek the disclosure of the NRA's members or contributors, Plaintiffs implicitly concede the Ordinance is valid.

---

[5] Plaintiffs rely on three cases to support their association claims: *NAACP v. Alabama*, 357 U.S. 449 (1958), *Gibson v. Fla. Legislative Investigation Comm*., 372 U.S. 539 (1963), and *Shelton v. Tucker*, 364 U.S. 479 (1960). (Opp. at 11-13.) A fourth case, *Baird v. State Bar of Ariz.*, 401 U.S. 1 (1971), is cited later. (Opp. at 15.) These cases, however, are clearly distinguishable because they involved as-applied challenges to the compelled disclosure of ***membership lists*** (of either an organization or an individual). The Ordinance, however, does not require the disclosure of the NRA's membership list, nor does it require a potential contractor to disclose a list of the organizations it belongs to.

*Free speech (second cause of action):*  Plaintiffs argue that their free speech claim is valid because "when the government demands the disclosure of … protected information, 'a heavy burden lies upon it to show that the inquiry is necessary to protect a legitimate state interest.'"  (Opp. at 15:24-26 (quoting *Baird*, 401 U.S. at 6-7).)  But the Ordinance does not demand the disclosure of protected information.  (Mot. at 12:6-26.)  Plaintiffs do not cite a single case to the contrary.

Instead, Plaintiffs rely on opinions that have no application here.  (Opp. at 16:2-10.)  For example, in *Agency for Int'l Dev. v. Alliance for Open Society Int'l, Inc*., 570 U.S. 205 (2013), the Supreme Court held that a federal law requiring organizations to adopt a policy explicitly opposing prostitution as a condition of receiving federal funds to fight HIV/AIDS violated the First Amendment because it "requires [organizations] to pledge allegiance to the Government's policy of eradicating prostitution."  *Id*. at 220.  But the Ordinance does not require a potential contractor to adopt a policy of opposition to the NRA (or to guns).  Plaintiffs also rely on two political patronage opinions prohibiting the firing of contractors and employees for failing to support an incumbent political candidate.  *O'Hare Truck Serv. v. City of Northlake*, 518 U.S. 712, 714 (1996); *Jantzen v. Hawkins*, 188 F.3d 1247, 1251-52 (10th Cir. 1999).  But the Ordinance does not bar a potential contractor from obtaining a City contract if it discloses it has a contract with the NRA or provides the NRA and its members discounts.  So these cases are inapposite.

*Compelled speech (third cause of action):*  The parties agree that to maintain a compelled speech claim, Plaintiffs must allege that the disclosure law actually compels the disclosure of information protected by the First Amendment.  (*Cf*. Mot. at 13-15 *with* Opp. at 18:2-8 ("The City, again argues that the Ordinance only compels speech about non-expressive conduct, i.e., contracting, and is thus not a First Amendment issue…. The City would be correct, if the relationships subject to disclosure under the Ordinance were not of an expressive nature." (citation omitted)).)  Thus, this claim fails as a matter of law because the First Amendment does not protect information about whether a company contracted with, or provided business discounts to, the NRA.

*First Amendment retaliation (fourth cause of action):*  The parties agree that to maintain a viable First Amendment retaliation claim, Plaintiffs must allege that they are engaged in constitutionally protected expression.  (*Cf.* Mot. at 15-16 *with* Opp. at 17:11-13 (conceding that to bring a First Amendment retaliation claim, "'the plaintiff must allege that … it engaged in constitutionally protected activity'" (quoting *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016))).)  Yet again, this claim fails as a matter of law because entering into a contract with, or providing business discounts to, the NRA is not constitutionally protected activity.

### D.    Plaintiffs' Fifth Cause Of Action For Violation Of The Equal Protection Clause Of the Fourteenth Amendment Is Entirely Duplicative Of Plaintiffs' First Amendment Claims.

As set forth in the Motion, Plaintiffs' equal protection claim should be dismissed because it is duplicative of Plaintiffs' First Amendment claims, generally, and Plaintiffs' First Amendment retaliation claim, specifically.  (Mot. at 16-20.)  Plaintiffs' Opposition cursorily addresses the first argument, and ignores the second.  (Opp. at 21-23.)

*First*, the Ninth Circuit Court of Appeals has held that an equal protection claim is not viable where it seeks to vindicate enumerated rights protected by a separate constitutional amendment, such as the First or Second Amendment.  (Mot. at 16-18.) Plaintiffs do not address any of the cases cited in the Motion.  Instead, Plaintiffs' sole rejoinder is that "the Supreme Court has opted to review certain speech related cases under an equal protection analysis."  (Opp. at 21:25-26 (citing *Police Dept. of Chicago v. Mosley*, 408 U.S. 92, 94 (1972)).)  Maybe so.  But *Mosley* does not hold that a plaintiff is permitted to bring ***duplicative*** First Amendment and equal protection claims.  To the contrary, the Supreme Court has held that in the "occasional" case where it has reviewed a free speech case under the Equal Protection Clause, "the First Amendment underlies [the Supreme Court]'s analysis."  *R.A.V. v. City of St. Paul*, 505 U.S. 377, 384 n.4 (1992) ("This Court itself has occasionally fused the First Amendment into the Equal Protection Clause …, but at least with the acknowledgment … that the First Amendment underlies

its analysis." (citing *Mosley*, 408 U.S. at 95)).  This is entirely consistent with the Ninth Circuit Court of Appeal's approach in *Orin v. Barclay*, 272 F.3d 1207 (9th Cir. 2001), which sets forth essentially the same rule:  when faced with duplicative First Amendment and equal protection claims, "we treat [the plaintiff]'s equal protection claim as subsumed by, and co-extensive with, his First Amendment claim."  272 F.3d at 1213 n.3 (quotation marks omitted).  Indeed, courts routinely dismiss equal protection claims that merely restate failed First Amendment claims.  *See*, *e.g.*, *Dyer v. Md. State Bd. of Educ.*, 187 F. Supp. 3d 599, 619 (D. Md. 2016) ("[The plaintiff]'s reference to 'free speech rights' suggests to the Court that, in reality, he is simply restating his First Amendment theory on equal protection grounds.  When litigants employ this strategy, courts fuse the First Amendment into the Equal Protection Clause….  Thus, to whatever extent Plaintiff's equal protection claim *could* be cognizable, it will succeed or fail on the same grounds as his First Amendment claim." (citations omitted) (quotation marks omitted)).

**Second**, Plaintiffs fail to address the argument that their equal protection claim should be dismissed because it is duplicative of their First Amendment retaliation claim. (Mot. at 18-20.)  Thus, Plaintiffs have conceded the argument.  *Hopkins*, 238 F. Supp. 2d at 178; *Resnick*, 2017 U.S. Dist. LEXIS 67525, at *67.

Remarkably, Plaintiffs' Opposition actually highlights that their equal protection claim is a restatement of their First Amendment retaliation claim by arguing that the Ordinance "violates the Equal Protection Clause by penalizing a specific class of potential contractors based on their protected beliefs, expression, and association."  (Opp. at 21:3-5.)  *Cf. O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016) (describing a First Amendment retaliation claim:  "[L]awful government action may nonetheless be unlawful if motivated by retaliation for having engaged in activity protected under the First Amendment.").

## III.  CONCLUSION

The City respectfully requests that the Complaint be dismissed with prejudice.

Dated:  July 8, 2019

OFFICE OF THE CITY ATTORNEY OF LOS ANGELES

By:
   */s/ Benjamin Chapman*
Benjamin Chapman

Attorneys for Defendants
CITY OF LOS ANGELES, ERIC GARCETTI, and HOLLY WOLCOTT