MICHAEL N. FEUER, City Attorney (SBN 111529x)
KATHLEEN A. KENEALY, Chief Assistant City Attorney (SBN 212289)
SCOTT MARCUS, Chief, Civil Litigation Branch (SBN 184980)
GABRIEL S. DERMER, Supervising City Attorney (SBN 229424)
BENJAMIN CHAPMAN, Deputy City Attorney (SBN 234436)
benjamin.chapman@lacity.org
200 North Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Telephone Number:  213.978.7556
Facsimile Number: 213.978.8214

Attorneys for Defendants,
CITY OF LOS ANGELES, ERIC GARCETTI, and HOLLY WOLCOTT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA; JOHN DOE,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES; ERIC GARCETTI, in his official capacity as Mayor of the City of Los Angeles; HOLLY L. WOLCOTT, in her official capacity as City Clerk of the City of Los Angeles, and DOES 1-10,<br><br>Defendants. | Case No.: 19-cv-03212-SVW-GJS<br><br>**DEFENDANT CITY OF LOS ANGELES'S ANSWER TO THE COMPLAINT**<br><br>Ctrm:   10A-First Street Courthouse<br>Judge:   Hon. Stephen V. Wilson<br><br>Action Filed: 04/24/2019 |

1
**CITY'S ANSWER TO THE COMPLAINT**

Defendant the City of Los Angeles (the "City")[1] answers Plaintiffs National Rifle Association (the "NRA") and John Doe's Complaint as follows:

**1.** The allegations contained in paragraph 1 are statements of law to which no response is required.

**2.** The allegations contained in paragraph 2 are statements of law to which no response is required.

**3.** The City lacks sufficient information and belief with which to admit or deny the allegations contained in paragraph 3 of the Complaint, and on that basis, denies each and every allegation contained therein.

**4.** The City lacks sufficient information and belief with which to admit or deny the allegations contained in paragraph 4 of the Complaint, and on that basis, denies each and every allegation contained therein.

**5.** The City lacks sufficient information and belief with which to admit or deny the allegations contained in paragraph 5 of the Complaint, and on that basis, denies each and every allegation contained therein.

**6.** The City lacks sufficient information and belief with which to admit or deny the allegations contained in paragraph 6 of the Complaint, and on that basis, denies each and every allegation contained therein.

**7.** The City lacks sufficient information and belief with which to admit or deny the allegations contained in paragraph 7 of the Complaint, and on that basis, denies each and every allegation contained therein.

**8.** The City admits the allegations contained in paragraph 8 of the Complaint, although it notes it is not sure that it has a population of over four million people.

**9.** No response is required. Eric Garcetti has been dismissed from the case.

**10.** No response is required. Holly Wolcott has been dismissed from the case.

**11.** No response is required.

---

[1] Defendants Eric Garcetti and Holly Wolcott have been dismissed from the lawsuit.


**12.** The allegations contained in paragraph 12 are statements of law to which no response is required.

**13.** The allegations contained in paragraph 13 are statements of law to which no response is required.

**14.** The allegations contained in paragraph 14 are statements of law to which no response is required.

**15.** The allegations contained in paragraph 15 are statements of law to which no response is required.

**16.** The allegations contained in paragraph 16 are statements of law to which no response is required.

**17.** The allegations contained in paragraph 17 are statements of law to which no response is required.

**18.** The allegations contained in paragraph 18 are statements of law to which no response is required.

**19.** The allegations contained in paragraph 19 are statements of law to which no response is required.

**20.** The allegations contained in paragraph 20 are statements of law to which no response is required.

**21.** The allegations contained in paragraph 21 are statements of law to which no response is required.

**22.** The allegations contained in paragraph 22 are statements of law to which no response is required.

**23.** The allegations contained in paragraph 23 are conclusions of law to which no response is required.

**24.** The allegations contained in paragraph 24 are statements of law to which no response is required.

**25.** The allegations contained in paragraph 25 are statements of law to which no response is required.

**26.** The allegations contained in paragraph 26 are statements of law to which no response is required.

**27.** The City lacks sufficient information and belief with which to admit or deny the allegations contained in paragraph 27 of the Complaint, and on that basis, denies each and every allegation contained therein.

**28.** The City lacks sufficient information and belief with which to admit or deny the allegations contained in paragraph 28 of the Complaint, and on that basis, denies each and every allegation contained therein.

**29.** The City generally admits that California likely has more restrictive gun policies and laws regarding the sale of firearms than other states. The City lacks sufficient information and belief with which to admit or deny the remaining allegations contained in paragraph 29 of the Complaint, and on that basis, denies each and every allegation contained therein. The paragraph is in large part unintelligible because it is unclear whether Plaintiffs are alleging that the City supports gun control, or that the City is frequently the target of gun control groups.

**30.** The City lacks sufficient information and belief with which to admit or deny the allegations contained in paragraph 30 of the Complaint, and on that basis, denies each and every allegation contained therein.

**31.** The City admits it adopted the Ordinance. The Ordinance speaks for itself. The City denies the remaining allegations in paragraph 31 of the Complaint.

**32.** The City denies the allegations contained in paragraph 32 of the Complaint.

**33.** The City admits that the Motion attached to the Complaint as Exhibit 1 states that "[f]or the sake of transparency, the City's residents and stakeholders deserve to know how the City's public funds are being spent, and whether taxpayer funds are being spent on contractors that have contractual or sponsorship ties with the NRA." The City admits that a councilmember said something close to what is quoted in paragraph 33, but he did not say exactly what is transcribed in paragraph 33. The City denies the remaining allegations contained in paragraph 33.

**34.** The City admits that the Motion attached to the Complaint as Exhibit 2 states that "[g]iven the opposing stances of the NRA and the City, the City should move to rid itself of its relationship with any organization that supports the NRA," and that Councilmember O'Farrell has made disparaging remarks about the NRA, including calling the NRA an "extremist, white supreme peddling, propaganda organization." The City denies the remaining allegations contained in paragraph 34.

**35.** The City admits that the City Council postponed a vote on an agreement with FedEx at the request of Councilmember O'Farrell. The City ultimately entered into the agreement with FedEx without any conditions related to the NRA. With respect to any statements by Councilmember O'Farrell on Twitter, this account is not owned or run by the City. On that basis, the City lacks sufficient information and belief with which to admit or deny any tweets attributed to Councilmember O'Farrell. The City denies the remaining allegations contained in paragraph 35.

**36.** The City admits that in March 2018, Councilmember O'Farrell introduced a motion, a copy of which is attached as Exhibit 2 to the Complaint. The Motion itself is the best evidence of its contents. The City denies the remaining allegations contained in paragraph 36.

**37.** The City admits that the Motion states that "[g]iven the opposing stances of the NRA and the City, the City should move to rid itself of its relationship with any organization that supports the NRA." The Motion itself is the best evidence of its contents. The Motion was never acted on by the City. The City denies the remaining allegations contained in paragraph 37.

**38.** The City admits the allegations contained in paragraph 38. The Motion was never acted on by the City.

**39.** The City admits that on September 21, 2018, Councilmember O'Farrell introduced a motion, a copy of which is attached as Exhibit 1 to the Complaint. The City admits the quoted language in paragraph 39 is accurate. The Motion itself is the best

evidence of its contents. The City denies the remaining allegations contained in paragraph 39.

**40.** The City admits the Motion does not address whether a specific contractor could perform any specific contract they might bid for. The City denies the remaining allegations contained in paragraph 40.

**41.** The City admits the allegations contained in paragraph 41 of the Complaint.

**42.** The City admits the allegations contained in paragraph 42 of the Complaint with the exception of the term "formal ties." The Motion refers to "contracts with the NRA or sponsorships provided to the NRA."

**43.** The City admits the allegations contained in paragraph 43 of the Complaint.

**44.** The City admits the allegations contained in paragraph 44 of the Complaint.

**45.** The City admits the first two sentences contained in paragraph 45 of the Complaint. The Ordinance does require updating, but it does not refer to "formal relationship[s] with the NRA." The Ordinance itself is the best evidence of its contents.

**46.** The City admits the allegations contained in paragraph 46 of the Complaint.

**47.** The City admits that it passed the Ordinance, and that Councilmember O'Farrell said what he is quoted as saying in paragraph 47 of the Complaint. The City denies the remaining allegations contained in paragraph 47.

**48.** The City admits the allegations contained in paragraph 48 of the Complaint.

**49.** The City admits the allegations contained in paragraph 49 of the Complaint.

**50.** The City denies the allegations contained in paragraph 50.

**51.** Rather than compiling bits and pieces of language from the Ordinance, and then turning it into a convoluted sentence, the City admits that Ordinance itself is the best evidence of its contents, and that the Ordinance says what it says.

**52.** The City admits the allegations contained in paragraph 52 of the Complaint.

**53.** The City admits the allegations contained in paragraph 53 of the Complaint.

**54.** The City admits the first sentence. The City denies the second sentence contained in paragraph 54.

**55.** The City denies the allegations contained in paragraph 55.

**56.** The City denies the allegations contained in paragraph 56.

**57.** The City denies the allegations contained in paragraph 57.

**58.** The City denies the allegations contained in paragraph 58.

## FIRST CAUSE OF ACTION

**59.** The City incorporates its responses to paragraphs 1 through 58 of the Complaint, inclusive, as set forth above.

**60.** The allegations contained in paragraph 60 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

**61.** The allegations contained in paragraph 61 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

**62.** The allegations contained in paragraph 62 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

**63.** The allegations contained in paragraph 63 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

**64.** The allegations contained in paragraph 64 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

**65.** The City denies the allegations contained in paragraph 65.

## SECOND CAUSE OF ACTION

**66.** The City incorporates its responses to paragraphs 1 through 65 of the Complaint, inclusive, as set forth above.

**67.** The City lacks sufficient information and belief with which to admit or deny the allegations contained in the first sentence of paragraph 67 of the Complaint, and on that basis, denies each and every allegation contained therein.

**68.** The City lacks sufficient information and belief with which to admit or deny the allegations contained in paragraph 68 of the Complaint, and on that basis, denies each and every allegation contained therein.

**69.** The City lacks sufficient information and belief with which to admit or deny the allegations contained in paragraph 69 of the Complaint, and on that basis, denies each and every allegation contained therein.

**70.** The City denies the allegations contained in paragraph 70.

**71.** The City denies the allegations contained in paragraph 71.

**72.** The City denies the allegations contained in paragraph 72.

**73.** The allegations contained in paragraph 73 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

**74.** The allegations contained in paragraph 74 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

**75.** The allegations contained in paragraph 75 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

**76.** The allegations contained in paragraph 76 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied

**77.** The allegations contained in paragraph 77 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

**78.** The allegations contained in paragraph 78 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

**79.** The allegations contained in paragraph 79 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

**80.** The City denies the allegations contained in paragraph 80.

**81.** The City lacks sufficient information and belief with which to admit or deny the allegations contained in paragraph 81 of the Complaint, and on that basis, denies each and every allegation contained therein.

**82.** The allegations contained in paragraph 82 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

**83.** The City denies the allegations contained in paragraph 83.

## THIRD CAUSE OF ACTION

**84-92.** No response is required to these paragraphs because this cause of action has been dismissed by the Court.

## FOURTH CAUSE OF ACTION

**93.** The City incorporates its responses to paragraphs 1 through 92 of the Complaint, inclusive, as set forth above.

**94.** The City denies the allegations contained in paragraph 94.

**95.** The allegations contained in paragraph 95 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

**96.** The City denies the allegations contained in paragraph 96.

**97.** The City denies the allegations contained in paragraph 97.

**98.** The City denies the allegations contained in paragraph 98.

**99.** The allegations contained in paragraph 99 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

**100.** The allegations contained in paragraph 100 are statements of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

**101.** The City denies the allegations contained in paragraph 101.

## FIFTH CAUSE OF ACTION

**102-110.** No response is required to these paragraphs because this cause of action has been dismissed by the Court.

The remaining allegations in the Complaint are Plaintiffs' prayers for relief to which no response is required.

## AFFIRMATIVE DEFENSES

The City alleges the following affirmative defenses on information and belief. By stating these affirmative defenses, the City does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs:

### FIRST SEPARATE AND ADDITIONAL DEFENSE
### (Failure to State a Claim)

**1.** The Complaint and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action.

### SECOND SEPARATE AND ADDITIONAL DEFENSE
### (Standing)

**2.** The Complaint and each and every cause of action alleged therein is barred because Plaintiffs lack standing.

### THIRD SEPARATE AND ADDITIONAL DEFENSE
### (No Damages Suffered)

**3.** The City alleges that Plaintiffs have not suffered damages attributable to any act or omission of the City (and its officials, employees, agents, etc.).

### FOURTH SEPARATE AND ADDITIONAL DEFENSE
### (No Known Damages)

**4.** The measure of Plaintiffs' damages, if any, are based on speculation and conjecture.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE
### (No Irreparable Harm)

**5.** Petitioner has failed to set forth facts showing a serious risk of irreparable harm.

### SIXTH SEPARATE AND ADDITIONAL DEFENSE
### (Additional Defenses)

**6.** The City has insufficient knowledge and information on which to form a belief as to whether additional, unstated defenses are available. Thus, the City hereby reserves its right to seek leave to amend this Answer to set forth additional defenses based on its ongoing investigation and discovery into the matters alleged in the Complaint.

### PRAYER FOR RELIEF

**WHEREFORE**, Respondent prays for judgment as follows:

**1.** That Plaintiffs take nothing by this Complaint and that the Complaint be dismissed;

**2.** That judgment be entered against Plaintiffs and in the City's favor;

**3.** That the City be awarded its reasonable attorneys' fees and costs of suit incurred herein; and

**4.** For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the City demands trial by jury in this action of all issues so triable.

Dated: December 24, 2019

OFFICE OF THE CITY ATTORNEY OF LOS ANGELES

By:
   */s/ Benjamin Chapman*
Benjamin Chapman

Attorneys for Defendant
CITY OF LOS ANGELES