## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEY'S FEES [52] AND GRANTING APPLICATION FOR COSTS [51]

## I.    Introduction

On April 24, 2019, Plaintiffs National Rifle Association of America (NRA) and pseudonymous Plaintiff John Doe brought First and Fourteenth Amendment claims under 42 U.S.C. § 1983 against Defendants City of Los Angeles ("the City" or "Defendant"), Mayor Eric Garcetti, and City Clerk Holly Wolcott.   Dkt. 1.   Plaintiffs challenged Ordinance No. 186000, which required that contractors with the City disclose sponsorships or contracts with the NRA.   *See id.* at 12-13; *id.*, Ex. 9.   Plaintiffs moved for a Preliminary Injunction, Dkt. 19, and the City moved to dismiss, Dkt. 15.   The Court resolved both motions on December 11, 2019.   Dkt. 34.   The parties then stipulated to a permanent injunction, which the Court entered on February 5, 2020.   Dkt. 45, 48.   The City agreed to repeal the ordinance, cease enforcement activity, and notify contractors who submitted disclosures.   Dkt. 48.

Plaintiffs now seek to recover $472,760.50 in attorney's fees under 42 U.S.C. § 1988.   Dkt. 52. For the reasons articulated below, the Court GRANTS IN PART Plaintiffs' motion for attorney's fees in the reduced amount of $143,160.74.   Plaintiffs have also applied to tax $1,073.55 in costs.   Dkt. 51. The Court GRANTS Plaintiffs' application for costs.

## II.    Legal Standard

"[P]rivate enforcement of civil rights legislation relies on the availability of fee awards." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).   For this reason, Congress enacted

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

a fee-shifting statute for prevailing parties in civil rights cases.   Under 42 U.S.C. § 1988(b), "[a] district court, 'in its discretion, may allow the prevailing party' in a civil rights action 'a reasonable attorney's fee.'"   *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020) (quoting 42 U.S.C. § 1988(b)).

To assess whether a fee request is reasonable, courts apply a two-step analysis referred to as the "'lodestar' method."   *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).   First, "the court must start by calculating the lodestar amount, which is the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"   *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).   The party requesting attorney's fees has the burden to establish the reasonableness of both its hours and its rates.   *See id.* ("Fee applicants have the burden of producing evidence that their requested fees are 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."); *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (citation omitted) ("The prevailing party has the burden of submitting billing records to establish that the number of hours it has requested are reasonable.").

"Second, '[t]he district court may … adjust [the lodestar] upward or downward based on a variety of factors."   *Gonzalez*, 729 F.3d at 1202 (quoting *Moreno,* 534 F.3d at 1111).   The Ninth Circuit has "identified no fewer than 12 factors to be considered."   *Vargas*, 949 F.3d at 1194-95 (citation and quotation marks omitted).

"A party who prevails on a claim under § 1983 is entitled to reasonable attorney's fees unless special circumstances would render such an award unjust."   *Chaudhry*, 751 F.3d at 1110 (citations omitted).   However, "fee awards are not negotiated at arm's length, so there is a risk of overcompensation."   *Moreno*, 534 F.3d at 1111.   A district court therefore has "discretion in determining what fees are 'reasonable.'"   *Chaudhry*, 751 F.3d at 1110 (citing *Hensley*, 461 U.S. at 433). The district court's "familiarity with the case allows it to distinguish reasonable from excessive fee requests."   *Moreno*, 534 F.3d at 1116.

A district court has considerable flexibility in how it chooses to analyze a prevailing party's fee request.   It can make hour-by-hour deductions or across-the-board percentage cuts to hours claimed or to the final lodestar figure.   *See Gonzalez*, 729 F.3d at 1203.

:

Initials of Preparer

PMC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

That flexibility has some limits.   A district court "must give some concise but clear explanation of how it came up with the amount."   *Vargas*, 949 F.3d at 1195 (quoting *Moreno*, 534 F.3d at 1111) (cleaned up).   "[T]he larger the difference between the fee requested and the fee awarded, the 'more specific articulation of the court's reasoning is expected.'"   *Id.*   A district court errs by "double counting the reduction in hourly rate for some tasks."   *Moreno*, 534 F.3d at 1115.   Finally, the district court may not impose a reduced rate based solely on its own "experience and knowledge," *Gonzalez*, 729 F.3d at 1206, or a "court-wide policy … of holding the line," *Moreno*, 534 F.3d at 1115; rather, such a reduction must be based on "evidence of prevailing market rates," *Gonzalez*, 729 F.3d at 1206.

### III.   Step One: Reasonable Hours and Rates

#### a.   Rates

Fee applicants have the burden of producing evidence that their requested fees are 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."   *Chaudhry*, 751 F.3d at 1110.   "The hourly rate for successful civil rights attorneys is to be calculated by considering certain factors, including the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel and fee awards in similar cases."   *Moreno*, 534 F.3d at 1114 (citation omitted).

Plaintiffs provided the following schedule of rates for their personnel.   Dkt. 52-1, at 11.

| Billing Professional | Title | Hourly Rate |
|---|---|---|
| C.D. Michel | Senior Partner | $650.00 |
| Joshua R. Dale | Managing Partner | $550.00 |
| Anna M. Barvir | Associate 6/Special Counsel/Partner | $475.00 |
| Sean A. Brady | Associate 6/Special Counsel/Partner | $475.00 |
| Konstadinos T. Moros | Associate 4 | $375.00 |
| Alexander A. Frank | Associate 3/Associate 4 | $350.00 |
| Tiffany D. Cheuvront | Associate 2 | $325.00 |
| Imran H. Khundkar | Staff Attorney | $300.00 |
| Laura Palmerin | Paralegal | $170.00 |
| Law Clerks | Law Clerks | $170.00 |

Initials of Preparer _____ : _____

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

To support these rates, Plaintiffs cite to a declaration from a fees expert in an unrelated police misconduct case, *see* Dkt. 52-4, Declaration of Anna M. Barvir, Ex. D, at 3-7, and a products liability case from this District finding that hourly rates between $485 and $750 were reasonable, *see Chambers v. Whirlpool Corp.*, 214 F. Supp. 3d 877, 899 (C.D. Cal. 2016).

The Court is not satisfied that this limited evidence demonstrates the reasonableness of Plaintiff's requested rates in this case.   However, the City has done no more than cite to another district court case that approved lower rates for less experienced attorneys.   Dkt. 55, at 17-18 (citing *Antuna v. Cty. of Los Angeles*, 2016 U.S. Dist. LEXIS 189152 (C.D. Cal. 2016)).

The Ninth Circuit has reversed a district court for imposing an across-the-board rate reduction without "mak[ing] a finding as to the reasonable hourly rate for each of Plaintiffs' attorneys … based on 'the prevailing market rates in the relevant community.'"   *Gonzalez*, 729 F.3d at 1206 (citation omitted).   The Ninth Circuit has warned that district courts should not "set the fee based on speculation as to how other firms would have staffed the case."   *Moreno,* 534 F.3d at 1114.

The record provided by the parties in this case is insufficient for the Court to conduct the inquiry envisioned by the Ninth Circuit.   While the Court has concerns about whether "the novelty and difficulty of the issues" and "the skill required to try the case" support Plaintiffs' requested rates, *Moreno*, 534 F.3d at 1114-15, especially given the high rates charged by their less experienced attorneys, the Court concludes that its concerns are appropriately addressed in assessing the reasonableness of hours billed.   Therefore, the Court will accept Plaintiffs' rate schedule for the limited purpose of resolving this fee request.

**b.  Hours**

When assessing the reasonableness of hours billed by a prevailing party, a district court may make cuts when the "billing records … include hours that could not reasonably be billed to a private client."   *Gonzalez*, 729 F.2d at 1203.   Given the Court's experience with similar cases and its familiarity with this case, "the district court is in the best position to discern what work was unnecessary."   *Vargas*, 949 F.3d at 1199 (quoting *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).   A district court may apply "hour-by-hour" cuts or, when facing a "massive fee application" such as this one, may apply "across-the-board percentage cuts."   *Gonzalez*, 729 F.3d at 1203.

Initials of Preparer                     :

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

Here, Plaintiffs seek to recover for 865.8 hours of work on the merits plus 110.8 hours for this motion.   Barvir Decl., Ex. C.   Plaintiffs apportion these hours to the phases of this litigation as follows:

- Drafting Complaint and Developing Case: 136.9 hours
- Motion Practice: 479.2 hours
- Discovery: 17.9 hours
- Trial Preparation: 75.6 hours
- Settlement: 111.7 hours
- Case Management: 44.5 hours
- Attorney's Fees Motion: 110.8 hours

*Id.*   After reviewing Plaintiffs' billing records, *see* Declaration of Haydee Villegas, Ex. A, Dkt. 52-10, the Court concludes for the reasons explained below that reductions are warranted for excessive and duplicative billing at the complaint, motion practice, and settlement phases, and that across-the-board reductions are appropriate for inadequate documentation and overall quality.

### i.  Phase-Specific Cuts

#### 1.  Duplicative and Excessive Billing for Complaint and Motion Practice

Plaintiffs seek to recover for 136.9 hours spent on "Pre-Litigation Work, Drafting Complaint, Building the Case" for a total of $48,238.50 in fees.   Barvir Decl., Ex. C.

| Timekeeper | Rate | Complaint Hours | Total Amount Billed |
|---|---|---|---|
| Barvir | $475.00 | 25.8 | $12,255.00 |
| Brady | $475.00 | 7.7 | $3,657.50 |
| Cheuvront | $325.00 | 63.4 | $20,605.00 |
| Dale | $550.00 | 0.0 | $0.00 |
| Frank | $350.00 | 9.3 | $3,255.00 |
| Khundkar | $300.00 | 4.3 | $1,290.00 |
| Michel | $650.00 | 5.6 | $3,640.00 |
| Moros | $375.00 | 0.0 | $0.00 |

Initials of Preparer                    : _____

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

| | | | |
|---|---|---|---|
| Palmerin | $170.00 | 2.4 | $408.00 |
| Clerks | $170.00 | 18.4 | $3,128.00 |
| **TOTAL** | **--** | **136.9** | **$48,238.50** |

Barvir Decl., Ex. C.

Plaintiffs are seeking to recover for 479.2 hours spent on motion practice for a total of $187,587.50 in fees.   Barvir Decl., Ex. C.

| Timekeeper | Rate | Motion Practice Hours | Total Amount Billed |
|---|---|---|---|
| Barvir | $475.00 | 186.9 | $88,777.50 |
| Brady | $475.00 | 80.4 | $38,190.00 |
| Cheuvront | $325.00 | 82.4 | $26,780.00 |
| Dale | $550.00 | 0.4 | $220.00 |
| Frank | $350.00 | 45.3 | $15,855.00 |
| Khundkar | $300.00 | 21.9 | $6,570.00 |
| Michel | $650.00 | 1.4 | $910.00 |
| Moros | $375.00 | 0.0 | $0.00 |
| Palmerin | $170.00 | 17.5 | $2,975.00 |
| Clerks | $170.00 | 43.0 | $7,310.00 |
| **TOTAL** | **--** | **479.2** | **$187,587.50** |

Barvir Decl., Ex. C.

These requested fees are excessive and duplicative for two reasons.   First, Plaintiffs bill two or three times for researching the same issues, and for drafting overlapping arguments in the complaint, motion for preliminary injunction, and opposition to Defendant's motion to dismiss.

According to schedules prepared by the City, Plaintiffs seek to recover for 249.5 hours for work on the motion for preliminary injunction on top of the 136.9 hours billed for work on the complaint and case development.   Chapman Decl., Ex. A, Dkt. 56.   As the following entries illustrate,

Initials of Preparer

                                    :

PMC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

Plaintiffs' early work on the case involved researching and developing factual and legal theories that contributed both to the complaint and the motion for preliminary injunction.

| Date | Timekeeper | Description | Hours | Amount Billed |
|---|---|---|---|---|
| 11/20/2018 | Cheuvront | Draft letter to City Council for City of Los Angeles re [REDACTED].   Research cases for addition to first amendment arguments. | 4.60 | $1,495.00 |
| 2/13/2019 | Cheuvront | Conduct research re City Council member statements for evidence on MPI and Complaint | 2.00 | $650.00 |
| 2/13/2019 | Barvir | Conduct legal research re [REDACTED] prepare for drafting complaint and MPI sections re compelled speech. | 3.70 | $1,757.50 |
| 2/25/2019 | Barvir | Receive, review, and analyze [REDACTED] draft attorneys' notes [REDACTED] for preparing complaint and motion for preliminary injunction. | 1.10 | $522.50 |
| 3/14/2019 | Cheuvront | Draft remaining complaint and research compelled speech cases and recent cases on cake bakers, and planned parenthood required disclosures to include. | 2.70 | $877.50 |
| 4/18/2019 | Barvir | Review, revise, and re-draft TDC draft Complaint; conduct legal research as needed to update causes of action; determine whether to include claims for conspiracy to violate civil rights and due process. | 3.40 | $1,615.00 |
| 4/19/2019 | Barvir | Draft and revise Complaint; conduct legal research as needed and discuss [REDACTED] AAF; send draft complaint to CDM, TDC, and SAB. | 5.80 | $2,755.00 |
| 4/25/2019 | Barvir | Review/revise motion for preliminary injunction; draft section re 1A retaliation claim based on Riley's Farm order; draft other sections based on new research and comments made by Volokh and others re complaint draft. | 5.20 | $2,470.00 |

Villegas Decl., Ex. A.

This duplication of effort for the complaint and the motion for preliminary injunction is also reflected in their substantial overlapping content.  As the City points out, several portions of the motion for preliminary injunction are either substantially derivative of the complaint or rely on the same cases or points of law.  *Compare* Dkt. 1 ¶¶ 29-49 *with* Dkt. 19-1, at 3-6 (factual background); *compare* Dkt. 1 ¶ 19 *with* Dkt. 19-1, at 7-8 (freedom of association claim); *compare* Dkt. 1 ¶¶ 14-16 *with* Dkt. 19-1, at 12-13 (targeting argument); *compare* Dkt. 1 ¶ 18 *with* Dkt. 19-1, at 14-15 (compelled disclosure); *compare* Dkt. 1 ¶ 21 *with* Dkt. 19-1, at 17 (retaliation); *compare* Dkt. 1 ¶¶ 25-26 *with* Dkt. 19-1, at 18-19 (Equal Protection).   Given this overlapping content (and that Plaintiffs worked on both documents simultaneously), it was duplicative and excessive to bill approximately 249.5 hours for research and drafting of the motion for preliminary injunction on top of the 136.9 hours already billed for similar research and drafting of the complaint.

Initials of Preparer      :      

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

Likewise, this research and drafting should have allowed Plaintiffs to oppose the motion to dismiss without conducting substantial additional legal research.   Yet between May 24, 2019, when the City filed its motion to dismiss, and June 26, 2019, Plaintiffs billed at least another 80.6 hours for work on their opposition, *see* Chapman Decl., Ex. B, beyond the 386.4 hours already spent developing and researching the same issues.   Most entries from this period are for research and drafting.   Villegas Decl., Ex. A at 12-14.   That much additional time could not reasonably be billed to a private client on top of what was already charged given, as explained below, the similarity between the opposition to the motion to dismiss and the motion for preliminary injunction.   *See Gonzalez*, 729 F.2d at 1203

Plaintiffs' opposition to the City's motion to dismiss is substantially derived from (and in many places virtually identical to) Plaintiffs' motion for preliminary injunction.   *Compare* Dkt. 19-1, at 1-3 *with* Dkt. 24, at 2-3 (factual background); *compare* Dkt. 19-1, at 7-18 *with* Dkt. 24, at 11-20 (showing virtually identical argument section between briefs); *compare* Dkt. 19-1, at iii-v *with* Dkt. 24, at iii-v (table of contents shows overlap in cited cases).

One of the few research topics relating to the motion to dismiss that Plaintiffs' billing records disclose is whether the First Amendment applies.   Villegas Decl., Ex. A at 13.   The Court recognizes that Plaintiffs may not have anticipated this argument even when conducting hundreds of hours of legal research in preparing their complaint and motion for preliminary injunction.   However, the Court concludes that the 80.6 hours reported for work on the opposition is excessive and duplicative because neither this new issue nor any others would have taken so long to address when 386.4 hours had already been expended.   *See Vargas*, 949 F.3d at 1199 (quoting *Ingram*, 647 F.3d at 928) ("[T]he district court is in the best position to discern what work was unnecessary.").

The Court's second basis for concluding that the hours billed were excessive and duplicative at the complaint and motion practice phases is that Plaintiffs frequently staffed multiple attorneys to carry out the same or similar work.   While numerous attorneys performed the same tasks related to the same filings, the billing records often do not reveal how the work differed from similarly described work done by their colleagues.   This is best exemplified by Barvir's work on the Complaint and Motion for Preliminary Injunction.

Appendix A illustrates the amount of work other attorneys had done prior to Barvir appearing to take primary responsibility for drafting and research on the complaint and motion for preliminary

Initials of Preparer

:

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

injunction.   Other attorneys performed substantial drafting and research to assist with the complaint and motion for preliminary injunction.   Just based on entries including enough information for categorization, other attorneys billed at least 135.1 hours for research and drafting on the complaint and preliminary injunction.

Appendix B illustrates Barvir's billings for duplicative drafting and research on the complaint and motion for preliminary injunction.   Barvir billed for at least 167.7 hours – a truly enormous number – for research and drafting to which other attorneys had already contributed over 100 hours.

The Court concludes that the hours billed at the complaint and motion for preliminary injunction stage are both excessive and duplicative.  *See Vargas*, 949 F.3d at 1199 (district courts may reduce excessive or duplicative hours).   While diligence ought to be applauded, the number of hours which Barvir devoted to the complaint and motion for preliminary injunction reflects the luxury of a practitioner who does not have to answer to paying clients.  *See Hensley*, 461 U.S. at 434 (citation and quotation marks omitted) ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."); *Moreno*, 534 F.3d at 1111 ("[F]ee awards are not negotiated at arm's length, so there is a risk of overcompensation.").   Barvir's hours by themselves here "could not reasonably be billed to a private client," *Gonzalez*, 729 F.2d at 1203, an issue only compounded by the large number of hours billed by other attorneys for overlapping work.

The Court finds that a graduated approach would be appropriate to reduce the excessive and duplicative billing at the complaint, motion for preliminary injunction, and motion to dismiss phases. At the complaint stage, a large amount of foundational work is reasonable as attorneys try to understand the facts and develop their legal theories.   In light of the duplication of effort with basic research for the motion for preliminary injunction around the same time, however, the Court determines that a **35%** reduction for time spent on the complaint is appropriate.   At the motion for preliminary injunction stage, much of the foundational factual and legal research should already be accounted for in the hours billed for the complaint, so an even greater reduction is warranted.   Additionally, the Court finds Barvir's billed hours at this stage to be beyond reasonable and duplicative of work performed by other attorneys, warranting an even deeper cut of **65%**.   Finally, at the motion to dismiss stage, since most research had already been done at the complaint and motion for preliminary injunction stage, and the work on the motion to dismiss largely involved recycling a brief on which attorneys purportedly spent hundreds of hours, a reduction of **80%** is appropriate.

|  |  :  |  |
|---|---|---|
| Initials of Preparer | | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

| Case Phase | Hours Requested | Amount | Percentage Reduction | Reasonable Hours | Modified Amount |
|---|---|---|---|---|---|
| Complaint | 136.9 | $48,238.50 | 35% | 89.0 | $31,355.03 |
| Preliminary Injunction | 249.5 | $103,555.00 | 65% | 87.3 | $36,244.25 |
| Opposition to Motion to Dismiss | 80.6 | $30,991.50 | 80% | 16.1 | $6,198.30 |
| Unidentified Motion Practice[1] | [149.1] | [$53,041.00] | 65% | [52.2] | [$18,564.35] |
| **TOTAL** | **616.1** | **$235,826.00** | **--** | **244.6** | **$92,361.93** |

**2. Excessive Billing for Settlement**

Plaintiffs recorded 111.7 hours on the settlement.   Barvir Decl., Ex. C.   The following table reflects per-person amounts.   *Id.*

| Timekeeper | Rate | Settlement Hours | Total Amount Billed |
|---|---|---|---|
| Barvir | $475.00 | 26.5 | $12,587.50 |
| Brady | $475.00 | 40.7 | $19,332.50 |
| Cheuvront | $325.00 | 0.2 | $65.00 |
| Dale | $550.00 | 3.5 | $1,925.00 |
| Frank | $350.00 | 10.8 | $3,780.00 |
| Khundkar | $300.00 | 0.0 | $0.00 |
| Michel | $650.00 | 8.5 | $5,525.00 |

---

[1]  The Court has added this number to reflect a discrepancy between the motion practice total provided by Plaintiffs, *see* Barvir Decl., Ex. C, and the sum of the separate fee schedules prepared by the City for the motion for preliminary injunction and opposition to the motion to dismiss, *see* Chapman Decl., Exs. A-B.   Because the smaller number relies on Defendant's fee schedules, the Court will give Plaintiff the benefit of the doubt as to these extra hours and apply the lower of the two percentage reductions for motion practice.

Initials of Preparer          : 

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

| | | | |
|---|---|---|---|
| Moros | $375.00 | 12.3 | $4,612.50 |
| Palmerin | $170.00 | 1.6 | $272.00 |
| Clerks | $170.00 | 7.6 | $1,292.00 |
| **TOTAL** | -- | **111.7** | **$49,391.50** |

The Court agrees with the City that it was unreasonable to expend so many hours given the simplicity of negotiating and finalizing the settlement.

The settlement was first discussed on December 16, 2019.   Chapman Decl. ¶ 3; Villegas Decl., Ex. A., at 18.   This was just five days after the Court issued its order granting a preliminary injunction. Dkt. 34.   A stipulated judgment was filed on January 31, 2020.   Dkt. 45.   Defendant represents that the only reason for the delay was that the City Council was not in session between mid-December and January 13, 2020, so it was unable to formally repeal the ordinance.   Chapman Decl. ¶ 4.

Plaintiffs provide little detail on how they spent 111.7 hours relating to the settlement. Plaintiffs generically explain that they were gaming out various contingencies.   Dkt. 57, at 9-10. However, a repeal of the ordinance appeared to give Plaintiffs almost everything they wanted besides monetary damages.   *See* Dkt. 1, at 20-21.   The attorneys who bill the greatest number of hours for work on the settlement, Barvir and Brady, provide no detail on what aspects of the settlement required significant research and analysis.   Barvir explains that the bulk of her 26.5 hours at this stage were devoted to "drafting, reviewing, and revising written correspondence, including emails, letters, and memoranda, for my litigation team and my clients … includ[ing] legal research."   Barvir Decl., at ¶ 74. Brady explains similarly that most of his 40.7 hours at this stage were spent on "intra-office correspondence (including email), as well as written correspondence (including email) with opposing counsel and with my clients" as well as "analyzing legal issues relevant to whether plaintiffs could settle, analyzing settlement offer terms, and writing intra-office memoranda and client memoranda regarding settlement negotiations."   Declaration of Sean A. Brady, Dkt. 52-5 ¶ 15.   These generic descriptions fail to justify so much analysis and discussion – and so many memos.   The Court concludes that Plaintiffs have failed to meet their burden to show the hours billed at this stage were reasonable, and consequently that Barvir and Brady's combined billing of 67.2 hours on the settlement was excessive.   *See Vargas*, 949 F.3d at 1199 (quoting *Ingram*, 647 F.3d at 928) ("[T]he district court is in the best position to discern what work was unnecessary.").

| | : | |
|---|---|---|
| Initials of Preparer | | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|----------|------------------------|------|---------------------|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

The Court also finds the settlement-phase billing duplicative because many of the tasks Barvir and Brady performed were simultaneously being done by both supervising and subordinate attorneys. C.D. Michel, a senior partner, billed at the settlement stage for 8.5 hours of corresponding with clients and with the litigation team.   Declaration of C.D. Michel, Dkt. 52-2 ¶ 28.   Robert Dale, also senior to Barvir and Brady, bills for 3.5 hours of legal research and settlement-related communications with attorneys.   Declaration of Joshua Robert Dale, Dkt. 52-3 ¶ 20.

It would be unreasonable for Plaintiffs' counsel to bill a client multiple times for the same correspondence and communications.   *See United States v. One 2008 Toyota Rav 4 Sports Utility Vehicle*, 2012 WL 5272281, at *9 (C.D. Cal. 2012) (reducing fee request that had double-billed for the same communications).   Yet the City's schedule of duplicative meetings and correspondence reflects numerous entries at the settlement stage.   Chapman Decl., Ex. E at 7-11.

Additionally, subordinate attorneys billed for 29.4 hours of research.   Barvir Decl., at ¶¶ 75-81.   Most of the descriptions for this research in Barvir's declaration do not explain why so many hours of research were required.   *Id.* at ¶ 79 (10.8 hours for research on "impact of a potential merits loss on fee recovery"); *id.* at ¶ 80 (12.3 hours for "legal research and analysis of procedural and legal questions relevant to settlement at the partners' direction"); *id.* at ¶ 81 (5.6 hours for "necessary legal research assignments").

The Court concludes that the hours billed at the settlement stage for research and communications were excessive because the settlement was straightforward and duplicative because numerous attorneys billed for the same tasks.   *See Vargas*, 949 F.3d at 1199.

To determine an appropriate reduction, the Court begins with the chart prepared by the City containing all entries that reference "settlement," "stipulation," or "judgment.   *See* Chapman Decl., at ¶ 8; *see generally id.*, Ex. C.   The City identified only 25.8 hours of billing in this category, representing just under 25% of the total hours billed for the settlement.   *Id.*   The remaining 85.9 hours that Plaintiffs associate with the settlement are not readily identifiable from the billing records.   *See* Barvir Decl., Ex. C; Villegas Decl., Ex. A.   Therefore, the Court closely reviewed the entries explicitly associated with the settlement, determined an appropriate percentage reduction from those, and then verified that they were representative by comparing to other entries during the relevant time period.

Initials of Preparer                                        :

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

Of the 25.8 hours that the City identifies as explicitly associated with the settlement, 8.3 hours are spent on preparing the settlement agreement and related filings, 3.1 on correspondence or communications with opposing counsel, 0.7 on communications with the client, and 1.6 on legal research and analysis with a specified topic.   The remaining 12.1 hours are for excessive and duplicative internal communications or unspecified research.   *See* Chapman Decl., Ex. C.   That yields a figure of 46.8% of excessive and duplicative hours billed at the settlement stage.   The Court has carefully reviewed the rest of Plaintiffs' billing entries during this period and has determined that the entries specifically referencing the settlement appear representative.   The Court consequently will impose a reduction of **45%** from the hours billed at the settlement stage.

| Case Phase | Hours Requested | Amount | Percentage Reduction | Reasonable Hours | Modified Amount |
|---|---|---|---|---|---|
| Settlement | 111.7 | $49,391.50 | 45% | 61.4 | $27,165.33 |

**3.   Conclusion – Phase-Specific Reductions**

The Court has imposed the following reductions based on excessive and duplicative billing at particular phases of the litigation.   The Court will apply its blanket reductions to this reduced total.

| Case Phase | Hours Requested | Amount | Reasonable Hours | Modified Amount |
|---|---|---|---|---|
| Management | 44.5 | $17,926.50 | -- | -- |
| Complaint & Motion Practice | 616.1 | $235,826.00 | **244.6** | **$92,361.93** |
| Discovery | 17.9 | $4,563.00 | -- | -- |
| Settlement | 111.7 | $49,391.50 | **61.4** | **$27,165.33** |
| Trial Preparation | 75.6 | $34,515.00 | -- | -- |
| **TOTAL** | 865.8 | $342,222.00 | **444.0** | **$176,531.76** |

Initials of Preparer                    :

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

### ii. Blanket Reductions

In addition to imposing reductions at particular phases, the Court identified two additional issues – documentation and quality – warranting blanket reductions. *Gonzalez*, 729 F.3d at 1203.

### 1. Inadequate Documentation

A district court may reduce a fee award for inadequate documentation. *See Trustees of Dirs. Guild of Am.-Producer Pension Benefits Plan*, 234 F.3d 415, 427-28 (9th Cir. 2000) (citing *Hensley*, 461 U.S. at 433); *see also Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) (same). While "great detail" is not required as to "each minute," Plaintiffs must at least "identify the general subject matter of his time expenditures." *Trs. Of Dirs. Guild of Am.*, 234 F.3d at 427 (citing *Hensley*, 461 U.S. at 437 n.12).

The Court recognizes its obligation to clearly explain substantial cuts. *Vargas*, 949 F.3d at 1195. The Court therefore demonstrates the propriety of its cut for inadequate documentation by analyzing a sample of Plaintiffs' billing entries. The Court has accordingly isolated the first, eleventh, and twenty-first entries on each page of Plaintiffs' billing records, yielding a sample of 92 billing entries (roughly 5-10% coverage), and determined how many entries from that sample suffer from inadequate documentation. The Court then extrapolated a percentage of inadequately supported billing entries to deduct from Plaintiffs' overall hours. The Court finally conducted a cross-check, comparing the proportion of inadequately supported entries in its sample to the entire billing schedule, and concluded that its sample was representative. The Court's analysis of this sample is found in Appendix C and summarized below.

| Documentation Issues | Sum of Hours | Sum of Amount |
|---|---|---|
| None | 48.0 (58.5%) | $19,176.00 (57.5%) |
| Excessive Redactions | 26.5 (32.3 %) | $10,878.50 (32.6%) |
| Vague | 5.8 (7.0%) | $2,439.50 (7.3%) |
| Block Billing | 2.0 (2.4%) | $828.00 (2.5%) |
| **TOTAL INADEQUATE** | **34.3 (41.7%)** | **$14,146.00 (42.5%)** |

The Court will now explain why each type of inadequate documentation identified above should contribute to a reduction in Plaintiffs' claimed reasonable hours.

Initials of Preparer                    :

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

### A.  Redactions

A district court has an obligation to deny a fee request where billing records are so heavily redacted that they do not provide sufficient information for the Court to judge the reasonableness of the fee request.  *See Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1285-86 (9th Cir. 2004).  A litigant is entitled to "considerable secrecy about what went on between client and counsel, and among counsel," including topics of research and discussion.  *Id.* at 1286.  However, the district court may conclude that particular redactions impair its ability to judge the reasonableness of a fee request.  *See Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 670 (9th Cir. 2018) (affirming deduction for redactions under abuse of discretion standard of review).  Numerous district courts have reduced fee awards for excessive redactions.  *See, e.g.*, *Signature Fin., LLC v. McClung*, 2018 WL 6843050, at *4 (C.D. Cal. 2018); *Mitchell v. Chavez*, 2018 WL 3218364, at *8-*9 (E.D. Cal. 2018) (rejecting time entries that "provide[d] no information about what the research or analysis may have pertained to"); *Shame On You Prods., Inc. v. Banks*, 2016 WL 5929245, at *16 (C.D. Cal. 2016) (rejecting billing entries for correspondence or communications but with subject matter redacted), *aff'd*, 893 F.3d at 670.

Below are representative examples of the level of redactions the Court found to be excessive.

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 2/14/2019 | Israelitt | Conduct research re [REDACTED] | 2.3 | $391.00 |
| 2/18/2019 | Barvir | Meeting with TDC re [REDACTED] | 1.4 | $665.00 |
| 4/23/2019 | Barvir | Telephone conference with TDC re [REDACTED] | 0.4 | $190.00 |
| 5/23/2019 | Khundkar | Conduct legal research as to [REDACTED] | 0.7 | $210.00 |
| 1/22/2020 | Moros | Analyze [REDACTED] email findings to SAB. | 1.4 | $525.00 |
| 1/30/2020 | Barvir | Multiple meetings with SAB re [REDACTED] | 0.3 | $142.50 |

The Court has considered some partially redacted entries adequately documented because the unredacted portions of the entries either demonstrated "the general subject matter" of the billing or the appropriateness of redactions.  *Hensley*, 461 U.S. at 433.   Below are examples.

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 1/7/2020 | Barvir | Meeting with LP re [REDACTED] exchange emails with LP, CDM, in memorandum to client re [REDACTED] | 0.6 | $285.00 |

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

| 1/17/2020 | Barvir | Draft pretrial documents to prepare for filing deadline in case [REDACTED] | 4.4 | $2,090.00 |
|---|---|---|---|---|
| 1/28/2020 | Barvir | Exchange multiple emails with SAB and CDM re draft Stipulation, Proposed Stipulated Judgment, [REDACTED] | 0.3 | $142.50 |
| 1/30/2020 | Brady | Conduct correspondence with clients re [REDACTED] | 1.0 | $475.00 |

Some courts have allowed recovery for partial redactions that provide similar or slightly greater detail than the entries that the Court has determined are too redacted in this case.  *See, e.g., Reed*, 388 F.3d at 1286 (allowing recovery for "Counsel call to discuss [REDACTED]" and "Research Supreme Court case law involving [REDACTED]"); *Klein v. Gordon*, 2019 WL 1751839, at *2 (C.D. Cal. 2019) (finding that "minimal and seldom-applied redactions" were reasonable and did not impair ability to judge reasonableness of fee request); *Thermolife Int'l, LLC v. Myogenix Corp.*, 2018 WL 325025, at *5-*6 (S.D. Cal. 2018) (declining to reduce hours for redactions for "hours spent on privileged matters"); *O'Bannon v. NCAA*, 2016 WL 1255454, at *7 (N.D. Cal. 2016); *American Rena Int'l Corp. v. Sis-Joyce Int'l Co., Ltd.*, 2015 WL 12732433, at *44 (C.D. Cal. 2015); *Lightbourne v. Printroom Inc.*, 2015 WL 12732457, at *7 (C.D. Cal. 2015) (approving "sporadic and minimal" redactions); *Vogel v. Tulaphorn*, 2014 WL 12629679, at *10 (C.D. Cal. 2014) (allowing partially redacted entries that "retain[ed] sufficient contextual information, such as the general subject matter of the expenditures"); *Jones v. Corbis Corp.*, 2011 WL 4526084, at *6 (C.D. Cal. 2011).   However, in the context of the massively inflated billing discussed above, the sheer number of impenetrably redacted entries, and the very modest overall reduction imposed below, the Court concludes that many partially redacted entries constitute inadequate documentation that frustrated its review and consequently warrant a reduction.

The Court's determination is bolstered by Plaintiffs' failure to take proactive steps to address the difficulties that their redactions would foreseeably create for a reviewing court.   These difficulties could have been mitigated by presenting the Court with the information necessary both to evaluate the need for redactions and, if the redactions are appropriate, determine the reasonableness of the billings. Plaintiffs instead only offer blanket characterizations in a reply brief that "[f]ailure to redact such information would divulge attorney-client communications and work product."   Dkt. 57, at 18.

Plaintiffs express in their reply brief that they are "willing to submit unredacted or less redacted entries for *in camera* review."   *Id.*   The Court declines to request documentation that Plaintiffs ought to have provided.   Moreover, even if Plaintiffs did provide over 30 pages of unredacted billing entries at

| | : | |
|---|---|---|
| Initials of Preparer | | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

this late stage, the ensuing proceedings would be unwieldy and burdensome on the Court.   Fee motions "should not result in a second major litigation," *Hensley*, 461 U.S. at 437, much less a third.   Other district courts have likewise declined to afford fee applicants such an opportunity under similar circumstances.   *See, e.g.*, *Mitchell*, 2018 WL 3218364, at *8 n.7 (citation and quotation marks omitted) (refusing to consider unredacted billing records submitted in camera because "the district court is neither obligated to explain what type of records should be submitted, nor to request additional information."); *Lightbourne v. Printroom Inc.*, 2015 WL 12732457, at *7 n.5 (citation and quotation marks omitted) (rejecting request in reply brief to submit unredacted billing statements because the "party petitioning for fees bears the risk of failing to provide adequate back-up documentation for its fee request.").

### B.  Vague descriptions

Vague descriptions provide inadequate support for a fee award for similar reasons to excessively redacted descriptions.   "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours … and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."   *Hensley*, 461 U.S. at 437. District courts may deduct from a fee applicant's requested lodestar for billing entries so vague as to frustrate review.   *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (district court may reduce fee to a reasonable amount when fee request is poorly documented); *see, e.g.*, *Tibble v. Edison Int'l*, 2011 WL 3759927, at *9 (C.D. Cal. 2011); *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 969 (N.D. Cal. 2014); *One 2008 Toyota Rav 4 Sports Utility Vehicle*, 2012 WL 5272281, at *9-*10 (rejecting entries that were "too vague for the Court to determine whether the requested hours were reasonably expended"); *Keith v. Volpe*, 644 F. Supp. 1317, 1323 (C.D. Cal. 1986) ("The court will only award fees for work which it can identify with sufficient certainty.").

Below are the entries in the Court's sample that it found to be too vague to meaningfully review:

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 4/10/2019 | Barvir | Draft memorandum of points and authorities in support of motion for preliminary injunction; conduct legal research re same. | 3.7 | $1,757.00 |
| 8/9/2019 | Cheuvront | Preparation of documents and exhibits for hearing and upload and organize on laptop. | 2.1 | $682.50 |

Initials of Preparer                :

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

While Barvir's entry at least specifies the document that she was drafting, in the context of dozens of nearly identical entries, *see* Villegas Decl., Ex. A, at 3-12, the entry does not meaningfully distinguish this work from the dozens of other hours described similarly, and consequently impairs a court's ability to assess reasonableness.   Moreover, Barvir does not specify the subject matter of the legal research that she conducted, which makes it virtually impossible for the Court to determine whether it is duplicative of countless other hours spent during this period by her and others on legal research.   *See One 2008 Toyota Rav 4 Sports Utility Vehicle*, 2012 WL 5272281, at *11.   Likewise, Cheuvront's entry does not describe what "[p]reparation of documents and exhibits" means with sufficient detail to distinguish it from unrecoverable clerical work.   *See Davis v. City and Cty. of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992), *partially vacated on other grounds,* 984 F.2d 345 (9th Cir. 1993).

The Court accordingly concludes that a reduction of hours for vague billing entries is appropriate.

### C.  Block Billing

Finally, as numerous courts have recognized, block billing can frustrate assessments of the reasonableness of a fee request in much the same way as excessive redactions or vague billing records. *See Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (citations omitted) (block billing may warrant reduction "because block billing makes it more difficult to determine how much time was spent on particular activities"); *Lahiri v. Universal Music and Video Distrib. Corp.*, 606 F.3d 1216, 1222-23 (9th Cir. 2010) (affirming reduction of 80% of billable hours by 30% for block billing); *Pierce v. Cty. of Orange*, 905 F. Supp. 2d 1017, 1030 (C.D. Cal. 2012) (noting that courts typically impose a 5-20% reduction for block-billed hours).

Below are the entries from the Court's sample that it considered block-billed to an extent that impaired an assessment of reasonableness.

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 5/24/2019 | Barvir | Conduct research re evidence in support of motion for preliminary injunction; review documents in IMANAGE, on LA City Clerk's website, and on the internet to pull correct copies of all necessary documentary evidence; conduct research to find further documentary support; save evidence in IMANAGE and provide | 1.6 | $760.00 |

:
_____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

| | | copies to LP for attachment to AMB declaration or Request for Judicial Notice. | | |
|---|---|---|---|---|
| 7/1/2019 | Palmerin | Draft email to court clerk re clarification on deadline to file reply to Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction and send to SAB, AMB, and TDC for review per TDC. Draft template for Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction and send to AMB, TDC, and SAB. | 0.4 | $68.00 |

The Court finds it difficult to assess the reasonableness of entries such as these because the tasks lumped together are so distinct that the reasonableness of the billings may depend on how time is allocated among different tasks.   As to Barvir's entry, pulling documents from the internet, saving them, and sending them to colleagues would surely not warrant billing for 1.6 hours at an attorney's rate. Without clarification as to how much time was spent researching and reviewing the documents and how much was just spent identifying and distributing them, the Court is unable to properly determine the reasonableness of such a billing entry.   Similarly, for Palmerin's entry, each of the referenced tasks should take a very short period of time but combining all of them in a single entry frustrates the Court's ability to determine the reasonableness of the entry as a whole.

Consequently, the Court concludes that block-billing should contribute to the Court's overall reduction for inadequate documentation.

### D.  Conclusion – Inadequate Documentation

In the Court's sample, just over 40% of the billing entries by hours and total amount were inadequately supported for one of the above explained reasons.   The Court carefully reviewed the entire billing schedule and determined that this ratio is consistent with the inadequate documentation of the submission as a whole.   The Court concludes that it is appropriate to deduct approximately 30% from inadequately documented billing records, yielding an overall reduction of **12%**.

### 2.  Hours billed disproportionately high relative to quality of briefs

The Court also considers an overall reduction appropriate given the quality of briefs submitted by Plaintiffs.   The quality of representation may appropriately be considered in assessing the reasonableness of hours billed.   *See Cunningham v. Cty. of Los Angeles*, 879 F.2d at 488 (quoting *Blum v. Stenson*, 465 U.S. at 899) ("[T]he 'quality of representation … generally is reflected in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

the reasonable hourly rate.'"); *In re Toys R Us-Delaware, Inc. FACTA Litigation*, 295 F.R.D. 438, 466 (C.D. Cal. 2014) (considering quality of filings to determine whether hours billed were excessive in calculating lodestar amount).

In resolving the motion for preliminary injunction and motion to dismiss, the Court found many of Plaintiffs' arguments unpersuasive and much of their briefing ultimately unhelpful in adjudicating a blatant First Amendment violation.  *See generally* Dkt. 34.  The Court was required to expend considerable resources independently researching aspects of the legal issues that Plaintiffs' briefs failed to adequately address.

The question at issue in determining the reasonableness of hours billed is "'whether, in light of the circumstances, the time could reasonably have been billed to a private client.'" *Vargas*, 949 F.3d at 1194 (quoting *Moreno*, 534 F.3d at 1111).  Some private clients may indeed be willing to pay several hundred thousand dollars for representation in constitutional litigation.  However, any client with the means to pay so much for briefing would be keen on ensuring that the work product justified such a large expenditure – especially from attorneys representing themselves as specialists.  *See generally* Barvir Decl. ¶¶ 24-33; Dkt. 52-1, at 13-17.  Drawing on its own experience in constitutional litigation, the Court concludes that the quality of the briefs submitted to the Court are inconsistent with the hours billed – even after the reductions explained above are applied.

Therefore, the Court believes that an additional reduction of **12%** from Plaintiffs' lodestar figure is warranted.

### iii.  Conclusion – Blanket Reductions

After its phase-specific reductions, the Court imposes on the remaining 444.0 hours the following blanket reductions for documentation and quality.

| Issue | Percentage Reduction | Hours Reduced | Amount Reduced |
|---|---|---|---|
| Inadequate Documentation | 12% | 53.3 | $21,183.81 |
| Quality of Briefs | 12% | 53.3 | $21,183.81 |

Initials of Preparer                                        :

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

### iv.  Reasonable Hours – Conclusion

For the reasons articulated above, the Court awards Plaintiffs a lodestar amount of 337.4 hours, for a total of **$134,164.14**.

### c.  Lodestar Enhancement

The lodestar amount is presumptively reasonable and may only be adjusted in "rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee."  *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010); *see also Parsons v. Ryan*, 949 F.3d 443, 467 (9th Cir. 2020).   Courts consider the following 12 factors in assessing adjustments to the lodestar amount:

> "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases."

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *see also Parsons*, 949 F.3d at 467 (citation and quotation marks omitted) ("Any reliance on factors that have been held to be subsumed in the lodestar determination will be considered an abuse of the trial court's discretion.")   "[T]he burden of proving that an enhancement is necessary must be borne by the fee applicant."  *Perdue*, 559 U.S. at 553.

Plaintiffs request a lodestar multiplier of 1.25, arguing that such an adjustment is warranted by the results obtained in the case, the undesirability of the representation, and the "unusually accelerated timeframe."  Dkt. 52-1, at 18-21.   The Court will consider each of these factors in turn.

Initials of Preparer                                                     :

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

### i. Results Obtained

"[I]n ordinary cases, a plaintiff's 'degree of success' or the 'results obtained' should be adequately accounted for in the lodestar." *Cunningham v. Cty. of Los* Angeles, 879 F.2d 481, 488 (9th Cir. 1988). It is the "rare or exceptional" case that warrants a deviation. *Id.* (citations omitted).

Plaintiffs make two arguments that the results obtained here are exceptional – that it required "skill and strategy" to prevail on a motion for preliminary injunction and the "virtually unlimited legal resources of the Los Angeles City Attorney's office." Dkt. 52-1, at 18-19. Neither argument is persuasive. There is nothing reflecting exemplary "skill and strategy" about prevailing on a motion for preliminary injunction, especially in this case. The Los Angeles City Attorney's resources are not "virtually unlimited," especially by comparison to other organizational parties.

At bottom, the result in this case is not surprising or remarkable. The City Council passed an ordinance targeting an organization whose message it opposed. Under these circumstances, a preliminary injunction was hardly a "rare or exceptional" result. Therefore, the Court finds that the results obtained factor does not favor a lodestar enhancement.

### ii. Desirability

Plaintiffs argue that the case was undesirable because many people in the state of California vehemently oppose the NRA's message. The Court disagrees.

As an initial matter, there is some disagreement whether undesirability remains a proper consideration. *See*, *e.g.*, *Conner v. Placer County*, 2018 WL 466261, at *3 (E.D. Cal. 2018) (citing *Resurrection Bay Conserv. All. v. City of Seward*, 640 F.3d 1087, 1095 n.5 (9th Cir. 2011)) ("The Supreme Court has called into question the relevance of … the 'desirability' of the case.").

Even if the Court can consider "undesirability," any social stigma around representing the NRA has not deterred Plaintiff's counsel, whose firm has represented the NRA for over two decades. *See* Chapman Decl., Ex. G ¶ 11. Moreover, this representation was likely celebrated in many circles and generated significant publicity. It consequently could lead to additional business opportunities – hardly an undesirable prospect. Therefore, the Court finds this factor does not favor a lodestar enhancement.

Initials of Preparer    :

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

### iii. Time Limitations

Plaintiffs finally argue that an "unusually accelerated timeframe" favors a lodestar enhancement because Plaintiffs were simultaneously engaged in trial preparation and settlement discussions.   In the Court's experience, litigators regularly consider and negotiate settlements while continuing to pursue litigation at every stage, including trial.   Moreover, this case took roughly nine months from filing the complaint to judgment.   This timeline does not reflect any unusual acceleration for which Plaintiffs' fees would provide insufficient compensation.   As discussed above, Plaintiffs have not provided evidence that the complexity of the settlement negotiations should have substantially interfered with trial preparation.  *See Curtin v. Cty. of Orange*, 2018 WL 6017018, at *4 (C.D. Cal. 2018) ("Under Plaintiff's argument, any case going to trial would require a lodestar multiplier, which is not supported by the caselaw.").   Accordingly, the Court concludes that purported time limitations do not favor a lodestar enhancement.

### iv. Conclusion – Lodestar Enhancement

Plaintiffs do not discuss the remaining *Kerr* factors, and the Court does not view any of them as supporting an enhancement.   Plaintiffs failed to meet their burden to show that this is the kind of unusual case in which the lodestar figure fails to yield an appropriate award.  *Perdue*, 559 U.S. at 554. Therefore, Plaintiffs' request for a lodestar enhancement is denied.

### d. Conclusion – Fee Award

The Court determined above that Plaintiffs' lodestar amount is $134,164.14.   The Court has also determined that no lodestar enhancement is warranted.   Therefore, the Court grants Plaintiffs' fee application for work on the merits in the amount of $134,164.14.

## IV.    Fees on Fees

Beyond the $427,777.50 that Plaintiffs sought to recover for their work on the merits, Plaintiffs request an additional $44,983.00 in attorney's fees for 110.8 hours of work on this fee application. Barvir Decl., Ex. C.

"[T]ime spent in preparing fee applications under 42 U.S.C. § 1988 is compensable." *Gonzalez*, 729 F.3d at 1210.   A district court may apply a similar percentage used to reduce the merits

|  |  | : |  |
|---|---|---|---|
| | Initials of Preparer | | |
| | | PMC | |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

fees where the same explanation supports a similar reduction to the fees-on-fees request.   *See Schwarz v. Sec. of Health & Human Servs.*, 73 F.3d 895, 909 (9th Cir. 1995); *see also Hirsch v. Compton Unified Sch. Dist.*, 2013 WL 1898553, at *2 (C.D. Cal. 2013); *Sierra Club v. Johnson*, 2010 WL 147951, at *9 (N.D. Cal. 2010).

The Court only awarded Plaintiffs 31.4% of their overall merits fee request.   The Court has reviewed Plaintiffs' billing records for work on this fee request and determined that many of the issues with Plaintiffs' merits billing recur.

At the fee stage, Barvir bills for 63.2 hours of work.   Barvir Decl., Ex. C.   As with the billings for her work on the motion for preliminary injunction, Barvir billed an excessive 63.2 hours for drafting the fee request and conducting associated legal research.   Barvir Decl. ¶ 94.   Moreover, these hours were duplicative, because Frank also bills 33.2 hours for substantially the same work – researching and drafting the fee request.   *Id.* ¶ 99.

Plaintiffs' billing records at the fee stage likewise reflect many of the same problems with inadequate documentation – excessive redactions, vague descriptions, and block billing – as the records at the merits stage.   *See generally* Villegas Decl., Ex. A, at 28-31.   Plaintiffs' fee stage documentation is modestly better than at the merits stage because the entries provide more detail.

The Court observes, however, that the Plaintiffs' inadequate documentation and explanations for their extraordinarily large fee request required the Court to expend substantial resources to determine the reasonableness of the fee request.   Additionally, Plaintiffs' record on the requested rates was thin, particularly on the high rates charged for less experienced attorneys who lack specialties or who specialize in other areas of civil rights law.   *See* Dkt. 55, at 16-18; Barvir Decl., ¶¶ 5-13 (describing experience in firearms litigation).   Therefore, any improvement in documentation is more than offset by the unhelpfulness of the fee application itself and the poor results obtained on the application.

Accordingly, the Court reduces Plaintiffs' fees on fees request by an overall percentage of **80%**, yielding a recovery of $8,996.60.

Initials of Preparer                                        :

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

### V.     Costs

Plaintiffs have also applied for an award of $1,073.55 in costs for transcripts, filing fees, printing, and photocopying.   Dkt. 51.   The Court GRANTS Plaintiffs' application for costs.

### VI.     Conclusion

For the reasons articulated above, the Court GRANTS IN PART Plaintiffs' motion for attorney's fees in the reduced amount of **$143,160.74**.   The Court GRANTS Plaintiffs' application for costs in the amount of **$1,073.55**.

Initials of Preparer                    :

PMC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

### Appendix A: Work on Complaint and Preliminary Injunction by Attorneys other than Barvir

| Date | Timekeeper | Description | Hours | Amount Billed |
|---|---|---|---|---|
| 11/20/2018 | Cheuvront | Draft letter to City Council for City of Los Angeles re [REDACTED]. Research cases for addition to first amendment arguments. | 4.60 | $1,495.00 |
| 12/4/2018 | Cheuvront | Review document re letter changes and new case to incorporate into letter to City Council.   Talk to HV and CEC re changes.   Read case and review document. | 1.20 | $390.00 |
| 12/4/2018 | Cheuvront | Draft additional sections of pre-litigation letter based upon new case and add additional authority.   Send to CDM for final review and send CEC attachments for the letter. | 1.40 | $455.00 |
| 1/24/2019 | Cheuvront | Draft Complaint for City of L.A. | 3.00 | $975.00 |
| 1/29/2019 | Cheuvront | Draft complaint post introduction, facts, and cause of action outline. | 3.60 | $1,170.00 |
| 2/6/2019 | Cheuvront | Draft MPI and researching statements, documents from City Council Members re where city gets its ammunition and firearms for law enforcement. | 4.00 | $1,300.00 |
| 2/7/2019 | Cheuvront | Draft Motion for Preliminary Injunction.   Pull research from other actions that the L.A. City Council has taken. | 4.00 | $1,300.00 |
| 2/8/2019 | Cheuvront | Draft beginning of the TRO [sic] for City of Los Angeles, look up requirement for second reading and send to CDM, work with CDM on [REDACTED]. | 2.00 | $650.00 |
| 2/9/2019 | Cheuvront | Draft Motion for Preliminary Injunctioon sections on prior restraint and due process. | 4.00 | $1,300.00 |
| 2/9/2019 | Cheuvront | Draft Motion for Preliminary Injunction sections on Vagueness, interference with contract, economic advantage, balance of the equities. | 4.00 | $1,300.00 |
| 2/11/2019 | Cheuvront | Conduct research re [REDACTED]. | 2.50 | $812.50 |
| 2/13/2019 | Cheuvront | Conduct research re City Council member statements for evidence on MPI and Complaint. | 2.00 | $840.00 |
| 2/13/2019 | Cheuvront | Draft Complaint sections on facts, introduction, and parties. | 3.00 | $975.00 |
| 2/13/2019 | Khundkar | Review SCOTUS case law on [REDACTED]. | 2.80 | $840.00 |
| 2/14/2019 | Cheuvront | Conduct research re [REDACTED]. | 2.00 | $650.00 |
| 2/14/2019 | Cheuvront | Draft Complaint Factual Allegations sections and research cases with the ACLU. | 1.30 | $422.50 |
| 2/18/2019 | Israelitt | Receipt, review and analyze various cases re compelled speech and freedom of assembly for NRA v. City of Los Angeles Blacklist case; draft case summaries for AMB. | 4.10 | $670.00 |
| 2/18/2019 | Cheuvront | Review document re updated argument on banning/boycotting groups by government actors. | 0.30 | $97.50 |
| 2/19/2019 | Israelitt | Draft cases summaries re compelled speech and freedom of assembly for AMB's use in drafting motion for preliminary injunction. | 2.90 | $493.00 |
| 2/21/2019 | Israelitt | Continue to draft cases summaries re compelled speech and freedom of assembly for motion for preliminary injunction. | 4.90 | $833.00 |
| 2/22/2019 | Cheuvront | Conduct research re evidence for MPI and declaration for the MPI statements. | 2.70 | $877.50 |

:

Initials of Preparer

PMC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

| | | | | |
|---|---|---|---|---|
| 2/25/2019 | Cheuvront | Conduct research re [REDACTED]. | 1.00 | $325.00 |
| 2/25/2019 | Cheuvront | Conduct research [REDACTED]. Email to AMB, CDM and follow up email for process to MII. | 0.70 | $227.50 |
| 2/26/2019 | Israelitt | Conduct legal research re [REDACTED]. | 2.10 | $357.00 |
| 2/26/2019 | Cheuvront | Draft final sections of complaint.   Research [REDACTED]. | 2.40 | $780.00 |
| 2/26/2019 | Cheuvront | Conduct research [REDACTED]. | 1.00 | $325.00 |
| 2/27/2019 | Cheuvront | Conduct research re [REDACTED]. | 1.00 | $325.00 |
| 2/27/2019 | Cheuvront | Review document re Paramount Builders line of cases on Frist Amendment causes of action against City of Los Angeles. | 0.40 | $130.00 |
| 3/1/2019 | Cheuvront | Conduct research re [REDACTED]. | 0.60 | $195.00 |
| 3/6/2019 | Frank | Research and draft content for equal protection section of motion for preliminary injunction. | 6.50 | $2,275.00 |
| 3/7/2019 | Cheuvront | Draft Complaint sections for first two causes of action.   Review ACLU brief in NY case and Baker case that was dismissed for animus in Oregon. | 3.60 | $845.00 |
| 3/7/2019 | Frank | Conduct legal research re [REDACTED] of the motion for preliminary injunction.   Revised draft of that section. | 4.40 | $1,540.00 |
| 3/8/2019 | Cheuvront | Draft Complaint causes of action 3-7. | 2.00 | $650.00 |
| 3/8/2019 | Frank | Drafting for due process section of motion for preliminary injunction. | 1.50 | $525.00 |
| 3/11/2019 | Frank | Draft content for motion for preliminary injunction regarding equal protection and due process claims. | 2.60 | $910.00 |
| 3/11/2019 | Frank | Conduct legal research re equal protection and due process claims. | 3.20 | $1,120.00 |
| 3/12/2019 | Frank | Conduct legal research re equal protection and due process case law for MPI. | 4.80 | $1,680.00 |
| 3/12/2019 | Frank | Draft content for equal protection and due process sctions of MPI | 1.60 | $560.00 |
| 3/13/2019 | Cheuvront | Draft Sections of Complaint including causes of action and meeting with AMB re final additions. | 2.80 | $910.00 |
| 3/13/2019 | Frank | Conduct legal research re equal protection and due process authorities for drafting of MPI content. | 4.40 | $1,540.00 |
| 3/14/2019 | Cheuvront | Draft remaining complaint and research compelled speech chases and recent cases on cake bakers, and planned parenthood required disclosures to include. | 2.70 | $877.50 |
| 4/30/2019 | Austin | Draft memo re researching whether a plaintiff can file fictitiously in Federal Court per AMB. | 1.00 | $170.00 |
| 5/6/2019 | Austin | Draft memo re filing under a pseudonym per TDC. | 0.50 | $170.00 |
| 5/21/2019 | Khundkar | Conduct legal research on [REDACTED] for use in upcoming motion for preliminary injunction against City of Los Angeles. | 2.50 | $300.00 |
| 5/21/2019 | Cheuvront | Conduct research re Los Angeles City boycott of Arizona businesses for use in Motion for Preliminary Injunction. | 0.40 | $130.00 |
| 5/22/2019 | Austin | Conduct research re locating #boycottNRA on Twitter to support motion per TDC. | 1.30 | $221.00 |
| 5/22/2019 | Khundkar | Prepare and draft request for judicial notice for upcoming motion for preliminary injunction against city of Los Angeles. | 2.80 | $840.00 |
| 5/22/2019 | Cheuvront | Draft AMB declaration for Motion for Preliminary Injunction and gather evidence, follow up on articles, pull information that is needed. | 3.70 | $1,202.50 |
| 5/22/2019 | Frank | Review and revise segments of motion for preliminary injunction. | 2.10 | $735.00 |
| 5/23/2019 | Khundkar | Prepare and draft request for judicial notice for motion for preliminary injunction against City of Los Angeles.   Compiled government studies and reports cited in our motion for preliminary injunction. | 3.50 | $1,050.00 |

Initials of Preparer                    :

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

| 5/23/2019 | Cheuvront | Draft final edits to AMB declaration for filing motion for preliminary injunction. | 1.00 | $325.00 |
|---|---|---|---|---|
| 5/23/2019 | Cheuvront | Draft declaration for Doe Plaintiff from TDC for motion for preliminary injunction. | 1.20 | $390.00 |
| 5/23/2019 | Cheuvront | Conduct research re government study and update declarations accordingly. | 0.20 | $65.00 |
| 5/24/2019 | Khundkar | Check case citations and request for judicial notice citations for upcoming notice for preliminary injunction. | 4.50 | $1,350.00 |
| 5/24/2019 | Cheuvront | Draft paragraphs with new affidavit information for AMB declaration in support of MPI. Work with PYO to get those documents numbered and in system. | 0.40 | $130.00 |
| 5/24/2019 | Cheuvront | Conduct research re looking for quotes in twitter feed for motion for preliminary injunction. | 0.20 | $65.00 |
| 5/24/2019 | Cheuvront | Receipt, review and analyze articles from MMA to use for the motion for preliminary injunction with specific quotes. Reviewed and advised as to which ones to use. | 0.20 | $65.00 |
| **Totals** | **--** | **--** | **135.1** | **$41,151.50** |

Villegas Decl., Ex. A.

Initials of Preparer                    :

PMC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

### Appendix B: Barvir's Billing for Complaint and Motion for Preliminary Injunction

| Date | Timekeeper | Description | Hours | Amount Billed |
|---|---|---|---|---|
| 2/11/2019 | Barvir | Draft Motion for Preliminary Injunction' review and revise TDC draft, reorganize draft, run analytics and begin revising section re likelihood of success on merits of First Amendment claims; conduct research as needed. | 2.90 | $1,377.50 |
| 2/12/2019 | Barvir | Continue to draft Motion for Preliminary Injunction; review and revise TDC draft, continue revising sections re likelihood of success on merits of First Amendment claims; conduct research as needed. | 4.80 | $2,280.00 |
| 2/13/2019 | Barvir | Continue to draft Motion for Preliminary Injunction; review and revise TDC draft, continue revising sections re likelihood of success on merits of First Amendment claims; conduct research as needed. | 3.60 | $1,170.00 |
| 2/15/2019 | Barvir | Draft Points and Authorities in Support of Motion for Preliminary Injunction; conduct legal research re [REDACTED]. | 5.30 | $2,517.50 |
| 2/21/2019 | Barvir | Draft Points and Authorities in Support of Motion for Preliminary Injunction; draft introduction and statement of facts. | 2.90 | $1,377.00 |
| 2/21/2019 | Barvir | Continue to draft Points and Authorities in Support of Motion for Preliminary Injunction; draft sections re violation of First Amendment; conduct research as needed. | 3.50 | $1,662.50 |
| 2/22/2019 | Barvir | Draft Motion for Preliminary Injunction; conduct legal research as needed. | 2.60 | $1,235.00 |
| 2/25/2019 | Barvir | Receive, review, and analyze [REDACTED] draft attorneys' notes [REDACTED] for preparing complaint and motion for preliminary injunction. | 1.10 | $522.50 |
| 2/25/2019 | Barvir | Draft Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction; conduct legal research as needed. | 4.90 | $2,327.50 |
| 2/26/2019 | Barvir | Continue drafting Motion for Preliminary Injunction; conduct legal research as necessary. | 3.80 | $1,805.00 |
| 3/11/2019 | Barvir | Draft motion for preliminary injunction; draft sections re statement of facts, procedural history, and First Amendment claims. | 6.30 | $2,992.50 |
| 3/12/2019 | Barvir | Continue to draft motion for preliminary injunction; draft sections re First Amendment claims. | 6.20 | $2,945.00 |
| 3/13/2019 | Barvir | Review and revise motion for preliminary injunction; revise sections re statement of facts and procedural history. | 4.80 | $2,280.00 |
| 3/14/2019 | Barvir | Continue to revise motion for preliminary injunction; revise sections re statement of facts, procedural history, and First Amendment claims. | 5.70 | $2,707.50 |
| 3/28/2019 | Barvir | Review and revise draft Motion for Preliminary Injunction; conduct legal research re First Amendment rights to speech and association as needed. | 3.20 | $1,520.00 |
| 4/9/2019 | Barvir | Continue to draft motion for preliminary injunction; conduct legal research as needed. | 3.90 | $1,852.50 |
| 4/10/2019 | Barvir | Draft memorandum of points and authorities in support of motion for preliminary injunction; conduct legal research re same. | 3.70 | $1,757.50 |
| 4/18/2019 | Barvir | Review, revise, and re-draft TDC draft Complaint; conduct legal research as needed to update causes of action; determine whether to include claims for conspiracy to violate civil rights and due process. | 3.40 | $1,615.00 |

:

Initials of Preparer

PMC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|

| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* |
|---|---|

| 4/19/2019 | Barvir | Draft and revise complaint; conduct legal research as needed and discuss [REDACTED] AAF; send draft complaint to CDM, TDC, and SAB. | 5.80 | $2,755.00 |
|---|---|---|---|---|
| 4/22/2019 | Barvir | Review and revise complaint per [REDACTED]. | 3.80 | $1,805.00 |
| 4/22/2019 | Barvir | Receive Shelton v. Tucker opinion and MMI case brief; read and analyze opinion; draft attorney's notes for use in preparing motion for preliminary injunction. | 1.10 | $522.50 |
| 4/23/2019 | Barvir | Review/revise complaint to include citations to all exhibits and other resources; review City Clerk website for legislative history documents; review City Council website and view City Council deliberation of challenged ordinance; meet with TDC to confirm [REDACTED] conduct final proofread and route to CC for filing. | 5.70 | $2,707.50 |
| 4/23/2019 | Barvir | Conduct research to [REDACTED]. | 2.80 | $1,330.00 |
| 4/24/2019 | Barvir | Continue to draft motion for preliminary injunction; conduct legal research as needed. | 3.60 | $1,710.00 |
| 4/25/2019 | Barvir | Review/revise motion for preliminary injunction; draft section re 1A retaliation claim based on Riley's Farm order; draft other sections based on new research and comments made by Volokh and others re complaint draft. | 5.20 | $2,470.00 |
| 4/26/2019 | Barvir | Review and revise motion for preliminary injunction | 3.90 | $1,852.50 |
| 5/6/2019 | Barvir | Continue to draft motion for preliminary injunction; conduct legal research re same. | 2.80 | $1,330.00 |
| 5/8/2019 | Barvir | Continue to draft memorandum in support of motion for preliminary injunction; conduct legal research re same. | 5.40 | $2,565.00 |
| 5/9/2019 | Barvir | Continue to draft memorandum in support of motion for preliminary injunction; conduct legal research re same. | 6.40 | $3,040.00 |
| 5/14/2019 | Barvir | Continue to draft memorandum in support of motion for preliminary injunction; conduct legal research re same. | 5.10 | $2,422.50 |
| 5/20/2019 | Barvir | Continue to draft memorandum in support of motion for preliminary injunction; conduct legal research re same. | 6.50 | $3,087.50 |
| 5/21/2019 | Barvir | Continue to draft memorandum in support of motion for preliminary injunction; conduct legal research re same. | 9.80 | $4,655.00 |
| 5/22/2019 | Barvir | Continue to draft memorandum in support of motion for preliminary injunction; conduct legal research re same. | 4.40 | $2,090.00 |
| 5/22/2019 | Barvir | Continue to draft memorandum in support of motion for preliminary injunction; conduct legal research re same. | 6.80 | $3,230.00 |
| 5/23/2019 | Barvir | Review/revise draft motion for preliminary injunction based on suggestions from E. Murphy and D. Thompson. | 2.10 | $997.50 |
| 5/23/2019 | Barvir | Review and revise Request for Judicial Notice; re-order list of documents to be judicially noticed; re-draft arguments for why each category of documents is noticeable; update list of exhibits as needed and ensure all doc ids are correct. | 2.90 | $1,377.50 |
| 5/23/2019 | Barvir | Review and revise TDC declaration in support of motion for preliminary injunction re Doe Plaintiff's standing; route to TDC for approval. | 0.70 | $332.50 |
| 5/24/2019 | Barvir | Review and revise AMB declaration in support of motion for preliminary injunction; re-draft entire declaration as needed to strengthen authentication of exhibits language. | 2.50 | $1,187.50 |
| 5/24/2019 | Barvir | Conduct research re evidence in support of motion for preliminary injunction; review documents in IMANAGE, on LA City Clerk's website, and on the internet to pull correct copies of all necessary documentary | 1.60 | $760.00 |

Initials of Preparer

:

PMC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

| | | | | |
|---|---|---|---|---|
| | | evidence; conduct research to find further documentary support; save evidence in IMANAGE and provide copies to LP for attachment to AMB declaration or Request for Judicial Notice. | | |
| 5/24/2019 | Barvir | Review/revise draft proposed order granting motion for preliminary injunction; route to LP for formatting and filing. | 0.40 | $190.00 |
| 5/24/2019 | Barvir | Review/revise draft notice of motion and motion for preliminary injunction; route to LP for formatting and filing. | 0.30 | $142.50 |
| 5/24/2019 | Barvir | Review/revise memorandum in support of motion for preliminary injunction; incorporate all citations to legal authority and evidence; incorporate E. Murphy's final suggested edits; draft introduction section and re-draft section re compelled speech based on updated legal research; conduct final proofread of entire brief to check for logical flow of arguments, word choice, spelling, and grammar; route to LP for formatting and filing. | 5.10 | $2,422.50 |
| 5/24/2019 | Barvir | Conduct final review of motion for preliminary injunction memorandum in support; route final edits to LP for inclusion in brief; approve final draft for filing. | 0.40 | $190.00 |
| **Total** | **--** | **--** | **167.7** | **$79,117.00** |

Villegas Decl., Ex. A.

_____

Initials of Preparer

        :

PMC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

### Appendix C: Sample for Documentation Analysis

| Date | Timekeeper | Description | Hours | Amount | Documentation Issues |
|---|---|---|---|---|---|
| 10/16/2018 | Barvir | Meet with TDC, JDM, MMI, IHK, MDC, PYO, AAF, GWW, SAB, JRD, CDM, and LP re [REDACTED] Discuss [REDACTED] | 0.1 | 47.5 | Redactions |
| 11/21/2018 | Michel | Review , analyze and revise letter to City Council of Los Angeles re proposed ordinance NRA Contractors. | 1 | 650 | None |
| 1/22/2019 | Michel | Meet with JRD, IHK, GWW, PYO, AAF, TDC, AMB, and SAB to discuss [REDACTED] | 0.1 | 65 | Redactions |
| 2/4/2019 | Brady | Analyze language of proposed ordinance and conduct related correspondence with team re [REDACTED] | 0.4 | 190 | None |
| 2/7/2019 | Cheuvront | Draft Correspondence to [REDACTED] | 0.8 | 260 | Redactions |
| 2/9/2019 | Cheuvront | Draft Motion Preliminary Injunction sections on Vagueness, interference with contract, economic advantage, balance of the equities. | 4 | 1300 | None |
| 2/13/2019 | Palmerin | Conduct computer work re profile article from Pew Research Center re America's Complex Relationship with Guns in iManage and distribute to team per TDC. | 0.1 | 17 | None |
| 2/14/2019 | Israelitt | Conduct research re [REDACTED] | 2.3 | 391 | Redactions |
| 2/14/2019 | Barvir | Draft Points and Authorities in Support of Motion for Preliminary Injunction; conduct legal research re [REDACTED] | 3.9 | 1852.5 | None |
| 2/18/2019 | Barvir | Meeting with TDC re [REDACTED] | 1.4 | 665 | Redactions |
| 2/19/2019 | Palmerin | Conduct computer work re review LA City Clerk's response to PRAR re communications between City Council, City Staff, Anti-Gun Activist Groups, City Attorney, and Mitch O'Farrell and forward to TDC and MMI. Update PRAR tracking spreadsheet. | 0.2 | 34 | None |
| 2/19/2019 | Michel | Exchange emails with TDC and AMB re [REDACTED] | 0.2 | 95 | Redactions |
| 2/22/2019 | Cheuvront | Telephone conference with [REDACTED] plaintiffs. Follow up email to CDM and AMB. | 0.5 | 162.5 | None |
| 2/25/2019 | Barvir | Meetings with MMI re [REDACTED] exchange emails and meet with MMI to [REDACTED]. | 0.6 | 285 | Redactions |
| 2/25/2019 | Cheuvront | Conduct research [REDACTED] | 1 | 325 | Redactions |
| 3/6/2019 | Michel | Exchange emails with TDC re [REDACTED] | 0.2 | 130 | Redactions |
| 3/8/2019 | Michel | Exchange emails with TDC re [REDACTED] | 0.3 | 195 | Redactions |
| 3/13/2019 | Frank | Conduct legal research re equal protection and due process authorities for drafting of MPI content. | 4.4 | 1540 | None |
| 3/28/2019 | Barvir | Review and revise draft Motion for Preliminary Injunction; conduct legal research re First Amendment rights to speech and association as needed. | 3.2 | 1520 | None |
| 4/10/2019 | Barvir | D raft memorandum of points and authorities in support of motion for preliminary injunction; conduct legal research re same. | 3.7 | 1757 | Vague |

_____ : _____

Initials of Preparer

PMC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

| | | | | | |
|---|---|---|---|---|---|
| 4/10/2019 | Michel | Exchange emails with TDC and AMB re [REDACTED] | 0.2 | 130 | Redactions |
| 4/23/2019 | Barvir | Telephone conference with TDC re [REDACTED] | 0.4 | 190 | Redactions |
| 4/25/2019 | Brady | Exchange emails with AMB re [REDACTED] | 0.1 | 47.5 | Redactions |
| 4/29/2019 | Austin | Exchange emails with TDC and CEC re [REDACTIONS] | 0.2 | 34 | Redactions |
| 5/6/2019 | Austin | Meeting with TDC re [REDACTED] | 0.1 | 17 | Redactions |
| 5/9/2019 | Barvir | Exchange emails with TDC re [REDACTED] | 0.2 | 95 | Redactions |
| 5/17/2019 | Barvir | Telephone conference with opposing counsel re meet and confer re motion to dismiss and potential motion for preliminary injunction. | 0.3 | 142.5 | None |
| 5/21/2019 | Barvir | Meeting with SAB re [REDACTED] | 0.1 | 47.5 | Redactions |
| 5/22/2019 | Okita | Draft Public Records Act request for the purposes of getting affidavits from contractors who disclosed NRA ties as well as statistics for the number of contractors who applied and were awarded contracts and those who were not awarded contracts for the purposes of showing bias. | 1.7 | 289 | None |
| 5/22/2019 | Cheuvront | Meeting with MMA re [REDACTED] | 0.2 | 65 | Redactions |
| 5/23/2019 | Khundkar | Conduct legal research as to [REDACTED] | 0.7 | 210 | Redactions |
| 5/23/2019 | Barvir | Meetings with MMA re [REDACTED] | 0.3 | 142.5 | Redactions |
| 5/24/2019 | Palmerin | Review, proofread, and revise formatting of Plaintiffs' Notice of Motion for Preliminary Injunction, Declaration of AMB, Declaration of TDC, Request for Judicial Notice, and Proposed Order. Convert to PDF and save on my desktop for filing. | 1.1 | 187 | None |
| 5/24/2019 | Barvir | Conduct research re evidence in support of motion for preliminary injunction; review documents in IMANAGE, on LA City Clerk's website, and on the internet to pull correct copies of all necessary documentary evidence; conduct research to find further documentary support; save evidence in IMANAGE and provide copies to LP for attachment to AMB declaration or Request for Judicial Notice. | 1.6 | 760 | Block billing |
| 5/30/2019 | Palmerin | Conduct computer work re review emails from Los Angeles Budget and Finance Committee responding to PRARs re communications with M. O'Farrell re contractors' affiliation with NRA and communications re Stonewall Democratic Club and Equality California. Update PRAR tracking spreadsheet. | 0.2 | 34 | None |
| 6/11/2019 | Okita | Meeting with TDC re [REDACTED] | 0.1 | 17 | Redactions |
| 6/11/2019 | Barvir | Meeting with TDC re [REDACTED] | 0.2 | 95 | Redactions |
| 6/14/2019 | Okita | Legal research re [REDACTED] | 2.4 | 408 | Redactions |
| 6/14/2019 | Frank | Draft ex parte application, memorandum in support, and declarations in support of emergency ex parte application to continue hearing on the motion to dismiss and motion for preliminary | 1.2 | 420 | None |

Initials of Preparer

:

PMC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | | Date | September 29, 2020 |
|---|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | | |

| | | | | | |
|---|---|---|---|---|---|
| | | injunction, as well as the reply deadline. Court granted the ex parte. | | | |
| 6/21/2019 | Brady | Analyze [REDACTED] with AMB and discuss [REDACTED] | 0.3 | 142.5 | Redactions |
| 6/25/2019 | Okita | Email to SAB [REDACTED] | 0.1 | 17 | Redactions |
| 6/26/2019 | Cheuvront | Receipt, review and analyze defendants opposition to motion for preliminary injunction. | 0.6 | 195 | None |
| 7/1/2019 | Palmerin | Draft email to court clerk re clarification on deadline to file reply to Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction and send to SAB, AMB, and TDC for review per TDC. Draft template for Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction and send to AMB, TDC, and SAB. | 0.4 | 68 | Block billing |
| 7/5/2019 | Brady | Meeting with AMB re case [REDACTED] | 0.1 | 47.5 | Redactions |
| 7/8/2019 | Brady | Meeting with AMB re [REDACTED] | 0.1 | 47.5 | Redactions |
| 7/25/2019 | Palmerin | Conduct research re [REDACTED] | 0.4 | 68 | Redactions |
| 8/9/2019 | Cheuvront | Preparation of documents and exhibits for hearing and upload and organize on laptop. | 2.1 | 682.5 | Vague |
| 8/13/2019 | Brady | Analyze notes from hearing re questions court had and discuss related research with AAF to prepare for next hearing. | 0.3 | 142.5 | None |
| 8/27/2019 | Barvir | Meet with TDC, AAF, PYO, IHK, MDC, JRD, GWW, JDM, CDM, WLS, CBM, SAB, and LP re [REDACTED] | 0.1 | 47.5 | Redactions |
| 9/27/2019 | Barvir | Meeting with SAB re [REDACTED] | 0.2 | 95 | Redactions |
| 11/15/2019 | Barvir | Review email from LP re Judge's Standing Order on setting Scheduling Conferences. | 0.1 | 47.5 | None |
| 12/12/2019 | Brady | Conduct correspondence re [REDACTED] | 0.3 | 142.5 | Redactions |
| 12/17/2019 | Palmerin | Review and analyze Court's Civil Trial Prep Order and distribute to team. Review Order and Central District Local Rules re court trials, calendar all relevant deadlines, and send confirming email to team. | 0.7 | 119 | None |
| 12/18/2019 | Michel | Exchange multiple emails with SAB and AMB re [REDACTED] | 0.3 | 195 | Redactions |
| 12/30/2019 | Brady | Meeting with CDM re [REDACTED] | 0.3 | 142.5 | Redactions |
| 1/2/2020 | Dale | Meeting with SAB re [REDACTED] | 0.1 | 55 | Redactions |
| 1/4/2020 | Michel | Telephone conferences with SAB [REDACTED] | 0.5 | 325 | Redactions |
| 1/7/2020 | Barvir | Meeting with LP re [REDACTED] exchange emails with LP, CDM, in memorandum to client re [REDACTED] | 0.6 | 285 | None |
| 1/8/2020 | Brady | Telephone conference with opposing counsel B. Chapman re status of settlement talks. | 0.3 | 142.5 | None |
| 1/9/2020 | Frank | Meeting with AMB and JRD re [REDACTED] | 0.2 | 70 | Redactions |
| 1/10/2020 | Barvir | Meeting with SAB re [REDACTED] | 0.2 | 95 | Redactions |
| 1/14/2020 | Frank | Analyze authorities on [REDACTED] draft attorney notes re same; send email re [REDACTED] to AMB and SAB. | 1.8 | 630 | None |

Initials of Preparer        :

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

| 1/14/2020 | Brady | Analyze with team [REDACTED] | 2.2 | 1045 | Redactions |
|---|---|---|---|---|---|
| 1/14/2020 | Michel | Meeting with AMB, JRD, SAB, KTM, and AAF re [REDACTED] | 2 | 1300 | Redactions |
| 1/15/2020 | Barvir | Telephone conference with CDM and SAB re [REDACTED] | 0.3 | 142.5 | Redactions |
| 1/16/2020 | Frank | Meetings with AMB re [REDACTED] | 0.2 | 70 | Redactions |
| 1/16/2020 | Moros | Analyze cases [REDACTED] email results to SAB and AMB. | 1.6 | 600 | None |
| 1/16/2020 | Brady | Meeting with AMB to [REDACTED] | 0.4 | 190 | Redactions |
| 1/17/2020 | Barvir | Draft pretrial documents to prepare for filing deadline in case [REDACTED] | 4.4 | 2090 | None |
| 1/17/2020 | Brady | Meeting with AMB re [REDACTED] | 0.2 | 95 | Redactions |
| 1/20/2020 | Michel | Conduct correspondence with AMB and SAB re [REDACTED] | 0.2 | 130 | Redactions |
| 1/21/2020 | Brady | Telephone conferences with opposing counsel re meet and confer re next steps in lawsuit in light of city voting to repeal the ordinance. | 0.4 | 190 | None |
| 1/22/2020 | Moros | Analyze [REDACTED] email findings to SAB. | 1.4 | 525 | Redactions |
| 1/23/2020 | Barvir | Draft correspondence to [REDACTED] | 1.6 | 760 | Redactions |
| 1/24/2020 | Barvir | Exchange emails with CDM and SAB re [REDACTED] | 0.2 | 95 | Redactions |
| 1/24/2020 | Brady | Conduct correspondence with opposing counsel re filing a notice of potential settlement in light of potential stipulated judgment; and discuss details with CDM. | 0.6 | 285 | None |
| 1/28/2020 | Barvir | Exchange multiple emails with SAB and CDM re draft Stipulation, Proposed Stipulated Judgment, [REDACTED] | 0.3 | 142.5 | None |
| 1/29/2020 | Brady | Conduct correspondence with CDM re [REDACTED] | 0.2 | 95 | Redactions |
| 1/30/2020 | Barvir | Multiple meetings with SAB re [REDACTED] | 0.3 | 142.5 | Redactions |
| 1/30/2020 | Brady | Conduct correspondence with clients re [REDACTED] | 1 | 475 | None |
| 1/31/2020 | Brady | Conduct correspondence re [REDACTED] discuss with AMB. | 0.7 | 332.5 | Redactions |
| 2/24/2020 | Brady | Exchange emails with CDM re [REDACTED] | 0.2 | 95 | Redactions |
| 4/20/2020 | Brady | Draft correspondence to opposing counsel re final settlement offer before pursuing fee motion. | 0.1 | 47.5 | None |
| 3/2/2020 | Austin | Draft Declarations of Billing Professional re Motion for Attorneys Fees per AMB and correspond with billing professionals to ensure data is current. | 2.4 | 408 | None |
| 3/24/2020 | Barvir | Continue to draft points and authorities in support of Motion for Attorneys' Fees; begin to draft sections re reasonable amount of time spent of attorney billed work; continue drafting narrative re why work was done and why amount of time spent was reasonable. | 2.3 | 1095.5 | None |
| 4/20/2020 | Barvir | Review/Revise MMA rough draft of AMB Declaration in Support of Plaintiffs' Motion for Attorneys' Fees; update to ensure all required information in included and update template re role in litigation | 2.1 | 997.5 | None |

Initials of Preparer     :

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-03212-SVW-GJS | Date | September 29, 2020 |
|---|---|---|---|
| Title | *National Rifle Association of America et al. v. City of Los Angeles et al.* | | |

| | | | | | |
|---|---|---|---|---|---|
| | | for AAF to insert specific time and billing activity descriptions. | | | |
| 4/22/2020 | Barvir | Review/revise Points & Authorities in Support of Plaintiffs' Motion for Attorneys' Fees; draft and revise sections re attorney experience and types of work performed. | 2.3 | 1092.5 | None |
| 4/23/2020 | Barvir | Review and revise SAB Declaration in Support of Plaintiffs' Motion for Attorneys' Fees; revise and update experience paragraphs to reflect appropriate title at MAPC and years of experience, as well as honors, presentations, etc.; review/revise AAF draft paragraphs re role in litigation; route to SAB for review and revision and updates to descriptions of successful cases. | 0.9 | 427.5 | None |
| 4/23/2020 | Bradley | Exchange emails with AMB re [REDACTED] | 0.2 | 95 | Redactions |
| 4/26/2020 | Barvir | Finish review/revise AMB Declaration in Support of Plaintiffs' Motion for Attorneys' Fees; revise all paragraphs re time spent by litigation team to ensure that all numbers cited match billing records and Exhibit C; revise all billing professionals' declarations as needed to ensure they match AMB declaration; draft procedural history section of declaration; finalize paragraphs re authentication of exhibits; draft paragraphs re work done during fee motion phase of litigation; conduct final proofread and route to AAF for use in finalizing draft fee motion section re work done by Plaintiffs' counsel in underlying merits dispute | 3 | 1425 | None |
| 4/26/2020 | Barvir | Telephone conference with AAF re [REDACTED] | 0.6 | 285 | Redactions |
| 4/28/2020 | Palmerin | Exchange emails with AMB re [REDACTED] | 0.2 | 34 | Redactions |

Villegas Decl., Ex. A.

Initials of Preparer _____ : _____

PMC