MICHAEL N. FEUER, City Attorney (SBN 111529x)
KATHLEEN A. KENEALY, Chief Assistant City Attorney (SBN 212289)
SCOTT MARCUS, Chief, Civil Litigation Branch (SBN 184980)
GABRIEL S. DERMER, Supervising City Attorney (SBN 229424)
BENJAMIN CHAPMAN, Deputy City Attorney (SBN 234436)
benjamin.chapman@lacity.org
200 North Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Telephone Number:  213.978.7556
Facsimile Number: 213.978.8214

Attorneys for Defendant
CITY OF LOS ANGELES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA; JOHN DOE,<br><br>            Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES; ERIC GARCETTI, in his official capacity as Mayor of the City of Los Angeles; HOLLY L. WOLCOTT, in her official capacity as City Clerk of the City of Los Angeles, and DOES 1-10,<br><br>            Defendants. | Case No.: 19-cv-03212-SVW-GJS<br><br>**DEFENDANT CITY OF LOS ANGELES'S MOTION TO CORRECT ORDER (DKT. NO. 60) PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(A)**<br><br>Ctrm:     10A-First Street Courthouse<br>Judge:    Hon. Stephen V. Wilson<br><br>Action Filed: 04/24/2019 |

On September 30, 2020, the Court issued an order granting in part Plaintiffs' motion for attorney's fees and granting application for costs ("Order") (Dkt. No. 60.) In the Order, the Court awarded Plaintiffs' $1,073.55 in costs. (Dkt. No. 60 at 25.) However, the parties had previously stipulated that Plaintiffs' costs should be taxed in the amount of $244.65. (Dkt. No. 54.) This stipulation was filed after the parties met and conferred regarding Plaintiffs' cost application. (*Id*.) Pursuant to this stipulation, Plaintiffs agreed to "withdraw their request for any other costs set forth in the [cost] Application" beyond their request for $244.65. (*Id*.)

Federal Rule of Civil Procedure 60 allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." (Fed. R. Civ. P. 60(a).) "A district court has wide latitude in correcting clerical mistakes in judgment." *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987). "The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court *changes its mind*." *Id*. at 1577 n.2 (emphasis in original). Courts have invoked Rule 60(a) to correct orders and judgments where it has "inadvertently overlooked [a] docket entry" since this mistake is "more one of clerical oversight than of legal or factual error." *Kingsburg Apple Packers, Inc. v. Ballantine Produce Co.*, No. 1:09-cv-0901 AWI JLT, 2013 U.S. Dist. LEXIS 38098, at *8 (E.D. Cal. Mar. 15, 2013).

The City met and conferred with Plaintiffs' counsel before filing this motion; Plaintiffs' counsel indicated that it did not oppose the motion. (Chapman Decl. ¶ 3.)

Accordingly, the City respectfully requests that the Order (Dkt. No. 60) be corrected to award Plaintiffs $244.65 in costs (rather than $1,073.55.)

| | |
|---|---|
| Dated: October 1, 2020 | OFFICE OF THE CITY ATTORNEY OF LOS ANGELES |
| | By: |
| |    */s/ Benjamin Chapman* |
| | Benjamin Chapman |
| | |
| | Attorneys for Defendant |
| | CITY OF LOS ANGELES |